Case No. 26-10012

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

In the Matter of: Highland Capital Management, L.P.,
Debtor.

The Dugaboy Investment Trust,
Appellant,

v.

Highland Capital Management, L.P.,
Appellee.

## APPELLANT'S OPPOSED MOTION FOR EXTENSION OF TIME
## TO FILE OPENING BRIEF

Appeal from the United States District Court for the
Northern District of Texas, Dallas Division, the Honorable Jane J. Boyle
Case No. 3:25-cv-02579-B

| | |
|---|---|
| Geoffrey S. Harper | John Michael Gaddis |
| Texas Bar No. 00795408 | Texas Bar No. 24069747 |
| gharper@kslaw.com | mgaddis@winston.com |
| KING & SPALDING LLP | WINSTON & STRAWN LLP |
| 2601 Olive Street, Suite 2300 | 2121 N. Pearl Street, Suite 900 |
| Dallas, Texas 75201 | Dallas, Texas 75201 |
| Telephone: (214) 764-4600 | Telephone: (214) 453-6500 |

Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037-1701
Telephone: (202) 778-2204
Facsimile:

**ATTORNEYS FOR APPELLANT
THE DUGABOY INVESTMENT TRUST**

Pursuant to this Court's Rule 31.4.3.2, Appellant The Dugaboy Investment Trust respectfully requests a 60-day extension of time to file its opening brief in the above-captioned matter. The requested extension would modify the due date for Appellant's brief from April 23, 2026, to June 22, 2026. This extension is the second extension requested by Appellant and thus a Level 2 extension request from the original due date of Appellant's brief on March 24, 2026.

In support of this Motion, Appellant states as follows:

1.     Extraordinary circumstances support this request for an extension. The same issues underlying the appeal, namely the request for and the consequences of the Bankruptcy Judge's recusal, are currently being litigated in at least two other proceedings. *See In re Highland Capital Mgmt., L.P.*, No. 3:19-34054-sgj, Dkt. 4513 (N.D. Tex. Bankr. Feb. 9, 2026); *see also In re Highland Capital Mgmt., L.P.*, No. 3:25-cv-02724-L, Dkt. 23 (N.D. Tex. Mar. 2, 2026). A resolution in one or both of those proceedings could potentially obviate the need for the above-captioned appeal. A hearing before the Bankruptcy Court on the former proceeding is set for May 11, 2026, and briefing in the latter proceeding is set to be concluded by May 15, 2026. *In re Highland Capital Mgmt., L.P.*, No. 3:19-34054-sgj, Dkt. 4546 (N.D. Tex. Bankr. Apr. 10, 2026); *see In re Highland Capital Mgmt., L.P.*, No. 3:25-cv-02724-L, Dkt. 25 (N.D. Tex. Mar. 13, 2026).

2.     The requested extension would increase the possibility that a decision is reached in one or both of the other proceedings prior to the commencement of briefing in the above-captioned appeal.  Any such decision could resolve the recusal issue in Appellants' favor and wholly or partially obviate the need for this instant appeal or provide the Court the option to consolidate any appeal from either side from such orders with the instant appeal.  Either outcome would serve the interests of judicial economy and prevent multiple appellate proceedings on closely related issues from the same case.

3.     Appellant's counsel conferred with counsel for the Appellee, who reports the Appellee opposes the requested extension.  Appellee's opposition appears to be based on his view of the merits of the appeal, asserting there is "no good faith basis to continue litigating" the recusal issue, as it has "been finally decided."  Appellant disagrees that these issues have "been finally decided," especially in light of the recent recusal of Chief Judge Jernigan in the interim due to a resolution of proceedings before the Judicial Council for this Court and further proceedings on the effects of this recusal on the bankruptcy case.  *See* Order, *In re Complaint of Judicial Misconduct Under the Judicial Improvements Act of 2002*, Case No. 05-26-90042 (Dec. 29, 2025); Order, *In re Complaint of Judicial Misconduct Under the Judicial Improvements Act of 2002*, Case No. 05-26-90044

(Dec. 29, 2025); Order, *In re Complaint of Judicial Misconduct Under the Judicial Improvements Act of 2002*, Case No. 05-26-90045 (Dec. 29, 2025).

4.    Further, this request for extension comes as this week, new lead appellate counsel joined this case.  To the extent the length of the requested extension concerns the Court, Appellant respectfully requests that the Court consider a shorter extension of 30 days.

5.    Appellant initially filed this request in letter format within the time period set forth in Rule 31.4.1(a) of this Court's Rules, and now is re-filing in motion format.

Dated: April 17, 2026.

Respectfully submitted,

*/s/ Geoffrey S. Harper*
**Geoffrey S. Harper**
State Bar No. 00795408
gharper@kslaw.com
**KING & SPALDING LLP**
2601 Olive Street, Suite 2300
Dallas, TX 75201
Tel: (214) 764-4600

*/s/ John Michael Gaddis*
**John Michael Gaddis**
State Bar No. 24069747
mgaddis@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Tel: (214) 453-6500

5

## <u>CERTIFICATE OF WORD COMPLIANCE</u>

Pursuant to the Court's Procedural Rule 32.3, I certify that this document has been prepared in 14-point font and contains 1,225 words as measured by the word-processing system used to prepare this motion.


*/s/ Geoffrey S. Harper*

## **CERTIFICATE OF ELECTRONIC COMPLIANCE**

Counsel certifies that on April 17, 2026, the foregoing document was transmitted to Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, via the court's CM/ECF document filing system, https://ecf.ca5.uscourts.gov.

Counsel further certifies that: (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned for viruses and has been found to be free of viruses.

*/s/ Geoffrey S. Harper*

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME REQUIREMETNS, TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS</u>

This motion complies with the type-volume requirements of Fed. R. App. P. 27(d)(2) because excluding the exempted portions, it contains 568 words.

This motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and Fed. R. App. P. 32(a)(6) because it uses size 14, proportionately spaced typeface (Times New Roman) throughout.

*/s/ Geoffrey S. Harper*

## **CERTIFICATE OF SERVICE**

I certify that on April 17, 2026, this document was electronically filed with the clerk of the court for the U.S. Court of Appeals for the Fifth Circuit and served through CM/ECF upon all counsel of record in this case.


*/s/ Geoffrey S. Harper*