Case No. 26-10012

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

In the Matter of: Highland Capital Management, L.P.,

Debtor

Dugaboy Investment Trust,

Appellant

v.

Highland Capital Management, L.P. and Highland Claimant Trust,

Appellees

Appeal from the United States District Court
Northern District of Texas
No. 3:25-cv-02579-B

## OPPOSITION TO REQUEST FOR LEVEL 2 EXTENSION

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Jordan A. Kroop
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
(310) 277-6910

HAYWARD PLLC
Zachery Z. Annable
(Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
(972) 755-7100

*Counsel for Appellees*

4919-7647-5554.4 36027.003

Appellees Highland Capital Management LP and the Highland Claimant Trust (together, "**Highland**") oppose the motion [Doc 43] by Appellant The Dugaboy Investment Trust ("**Dugaboy**") for a Level 2 extension of Dugaboy's time to file its opening brief in this meritless appeal.[1]

Dugaboy's and Dondero's ceaseless years-long assault on Highland, its management and fiduciaries, its creditors (a group to which they do not belong and have never belonged), even its presiding bankruptcy judge, has accomplished nothing other than to waste party and judicial resources. Now, as the Highland case enters its final stages—and after this Court rejected *three* prior attempts to have Judge Jernigan recused on grounds of bias or prejudice—Dugaboy and Dondero desperately appeal the District Court's ruling that halted the fifth installment of their never ending crusade against Judge Jernigan, but want to do so on the slowest track possible.

---

[1] Dugaboy is well known to this Court. In the last five years, Dugaboy and its affiliates—all controlled by James Dondero, Highland's co-founder—have commenced roughly 20 appeals in this Court, part of a vexatious body of work featuring more than **60** appeals out of this one bankruptcy case. With a few minor exceptions, Dondero's entities have lost all these appeals. What is more, Dondero's tactics have earned him contempt and bad-faith findings. *See, e.g.*, *In re Highland Cap. Mgmt., L.P.*, 105 F.4th 830, 848 (5th Cir. 2024) (upholding a $450,000 contempt sanction while noting that Dondero had given an "untruthful explanation" for his conduct). And multiple federal judges staunchly criticized Dondero's conduct. *See, e.g.*, *In re Highland Cap. Mgmt., L.P.*, 48 F.4th 419, 432 (5th Cir. 2022) (describing objections by Dondero and affiliates to plan confirmation as a "blunderbuss"); *Dugaboy Inv. Tr.* v. *Highland Cap. Mgmt. LP*, 2022 WL 4450490, at *5 (N.D. Tex. Sept. 22, 2022) (District Judge Starr admonished Dondero-related parties for their "zeal to bamboozle" the court).

Enough already.

Dugaboy's last-minute request for a Level 2 extension (after having already received a Level 1 extension a month ago) must be placed in context to fully appreciate Dugaboy's sheer temerity in making it. Efforts to recuse Judge Jernigan began five years ago, after Highland's plan was confirmed over Dondero's objections. They have gone nowhere.

The tortured history of Dondero's obdurate efforts to recuse Judge Jernigan began in March 2021 and are described in this Court's most recent decision on recusal.[2] Pertinent here, in 2024 Dugaboy appealed a six-page ruling in which the District Court found that the Dondero Entities "failed to present any objective manifestations of bias or prejudice that would constitute grounds for Judge Jernigan's recusal." The Dondero Entities appealed that denial to this Court, which affirmed the District Court's order.[3] In doing so, this Court reviewed the evidence and agreed that "there is ample evidence in the record" to support the bankruptcy judge's characterization of the Dondero Entities as "transparently vexatious and litigious."[4] This Court addressed the

---

[2] *Dondero v. Jernigan*, 2025 U.S. App. LEXIS 9054, at *4–7 (5th Cir. Apr. 16, 2025) (the "**Affirming Opinion**"), issued after this Court agreed to rehear its earlier affirmance at 2024 US. App. LEXIS 28079 (5th Cir. Nov. 5, 2024).

[3] 2025 U.S. App. LEXIS 9054. The Dondero Entities *again* sought rehearing, which this Court denied. 2025 U.S. App. LEXIS 12663 (5th Cir. May 23, 2025).

[4] *Dondero v. Jernigan*, 2025 U.S. App. LEXIS 9054 at *14.

Dondero Entities' allegations of bias, point-by-point, and concluded that *none* was sufficient to "show bias so clear and indisputable as to warrant mandamus" and that, over and over, petitioners "largely mischaracterize[d]" facts.

The Dondero Entities kept going. They petitioned for certiorari in the Supreme Court. That was denied. They then petitioned the Supreme Court for rehearing of the denial. That, too, was denied. This Court's Affirming Opinion is inarguably preclusive of the recusal issue. But adverse rulings and their res judicata effects never stop Dondero or his minions.

In August 2025, Dugaboy filed *another* recusal motion in the Bankruptcy Court (the "**Fifth Recusal Motion**"). Based on the negligible record of Dugaboy's own design, the Bankruptcy Court denied the motion in a single paragraph, citing this Court's Affirming Opinion and holding that the latest recusal motion was barred by res judicata (the "**Fifth Recusal Order**"). Dugaboy appealed to the District Court. As it had previously with a prior appeal by Dugaboy, the District Court ruled that the Fifth Recusal Order was interlocutory and required leave under 28 U.S.C. § 158(a)(3). Dugaboy filed a motion for leave, which the District Court denied. Dugaboy, of course, appealed to this Court, commencing the instant appeal.

3

Meanwhile, Dondero arranged for five of his employees and associates to file ethics complaints against Judge Jernigan, making the same discredited arguments of bias yet again. Chief Judge Elrod noted[5] that Judge Jernigan had *voluntarily* "recused herself from all matters related to the [Highland] case that are currently pending before her," which Chief Judge Elrod stated "should not be interpreted as an opinion or reflection on the merits of judge's prior decision not to recuse, which has been addressed by the Fifth Circuit," or "the validity of any decision, ruling, or order that she has issued in any judicial proceeding."[6]

It is a sordid tale of weaponized petulance with no end. While dragging its feet in this hopeless appeal, and even though Judge Jernigan voluntarily stepped aside, Dugaboy is *still* trying to overturn every final order in Highland's long-running bankruptcy case based on the same factual predicates previously considered and rejected by this Court. Dugaboy has recently argued recusal in a Rule 60 motion before the Bankruptcy Court as well as the District Court

---

[5] *In re Compl. Of Jud. Misconduct Under The Jud. Improvements Act Of 2002*, No. 05-26-90042 (5th Cir. Dec. 29, 2025) (the "**Judicial Council Opinion**").

[6] In support of a recent motion to vacate a Bankruptcy Court order (currently on appeal at the District Court), Dugaboy maintained that this Court took "corrective action to recuse the predecessor judge from the case going forward." This Court did no such thing. The Judicial Council Opinion made no findings whatsoever, was not an order to recuse, and did not impose any "corrective action" for alleged violation of judicial ethics. Dugaboy's representations to the Bankruptcy Court that Judge Elrod said things she didn't say is appalling.

appeal of a settlement order.[7] Dugaboy simply *will not stop* despite that continuing to litigate recusal is manifestly barred by the preclusive effects of this Court's repeated rulings on the subject.

That preclusive effect is the most prominent reason why the instant appeal is utterly futile and devoid of any merit, but it is not the only reason. Perhaps sensing that this appeal will go nowhere, Dugaboy now seeks a lengthy extension of time to file its opening brief after already obtaining one extension. But Dugaboy cannot substantiate a single good reason for any further extensions. Its sole argument in its latest "motion" is that the "same issues" of recusal "are currently being litigated in at least two other proceedings." That is only true because Dugaboy has incongruously interjected the recusal issue into two hopeless appeals of completely unrelated orders that never involved recusal arguments at the Bankruptcy Court. Dugaboy's statement that a decision in those other proceedings "could resolve the recusal issue in Appellants' favor" is preposterous. No appellate court is likely going to address "the recusal issue" because it was not raised below and **has already been resolved by this Court more than once**.

---

[7] Notably, Dugaboy didn't even preserve the issue for appeal in that contested matter, having never raised the issue of bias or prejudice before or during those proceedings.

Because Dugaboy is responsible for injecting the same rejected recusal arguments into those other pending proceedings months ago, it is objectionable for Dugaboy to wait until days before its brief is due in this appeal to base its Level 2 request on those other proceedings. Grasping for any coherent explanation for Dugaboy's last minute request, Highland believes that Dugaboy must feel forced to seek the extension because it knows it cannot obtain what it really wants—a stay of this appeal. Not only is Dugaboy's request prejudicially timed, it is also a transparent attempt to circumvent this Court's procedures for staying an appeal.

Dugaboy further supports its latest extension request by noting that "new lead appellate counsel [has joined] this case." Mr. Edney, an attorney with the Hunton firm, is anything but a newcomer to the Dondero ecosystem. He and his firm have served as counsel to the Dondero Entities in several of their recent appeals—including the rather silly February 2026 petition for rehearing of the Supreme Court's denial of certiorari[8] and the February 2026 Rule 60 proceeding where the Hunton firm pushed "recusal" as a basis for the motion. The notion that he requires additional time to "get up to speed" is risible.

---

[8] The Supreme Court so rarely grants these rehearing petitions that at least one scholarly observer characterized such petitions as "a futile gesture." Bruhl, Aaron-Andrew P., "When is Finality Final? Second Chances at the Supreme Court," *Popular Media* at 368 (2013).

In any event, a 60-day extension still does not guarantee that the other proceedings will be resolved quickly—and even if they are heard and decided within those 60 days, Dugaboy will definitely, positively, absolutely appeal any adverse rulings. Thus, the requested Level 2 extension almost certainly will not serve its ostensible purpose. This latest request should be seen for exactly what it is: a cynical attempt to delay even further this appeal, other proceedings, and the final resolution of the Highland bankruptcy case that is now six and a half years old, entirely because of the Dondero Entities' preternatural inability to accept any adverse ruling. Ever.

It is time for all this recusal twaddle to end. The sooner this appeal is resolved, the sooner Highland can reduce its on-going defense expenses and again attempt to conclude the Chapter 11 case that still has not resulted in full distributions to Highland's legitimate creditors, a group to which *none* of the Dondero Entities belong.

This Court should deny Dugaboy's unwarranted Level 2 extension request and allow these parties to get on with briefing this frivolous appeal.

April 20, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Jordan A. Kroop (AZ Bar No. 018825)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Email:  jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        jkroop@pszjlaw.com

-and-

**HAYWARD PLLC**
*/s/ Zachery Z. Annable*

Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Email:  ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.,
and the Highland Claimant Trust*

## CERTIFICATE OF COMPLIANCE WITH FRAP 27(d)(2)(A)

1.    This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, including footnotes and excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,698 words.

2.    This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced serif typeface (Century Schoolbook) at 14-point type (12-point for footnotes).

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## CERTIFICATE OF SERVICE

I certify that, on April 20, 2026, a copy of the foregoing document was served electronically on all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

*/s/ Zachery Z. Annable*
Zachery Z. Annable