Case No. 26-10012

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

In the Matter of: Highland Capital Management, L.P.,

Debtor

Dugaboy Investment Trust,

Appellant

v.

Highland Capital Management, L.P. and Highland Claimant Trust,

Appellees

Appeal from the United States District Court
Northern District of Texas
No. 3:25-cv-02579-B

## APPELLEES' MOTION TO DISMISS APPEAL PURSUANT TO FRAP 31(c)

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Jordan A. Kroop
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
(310) 277-6910

HAYWARD PLLC
Zachery Z. Annable
(Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
(972) 755-7100

*Counsel for Appellees*

Pursuant to Federal Rule of Appellate Procedure 31(c), Appellees Highland Capital Management, L.P. and the Highland Claimant Trust (together, "**Highland**") move to dismiss this appeal originally initiated by Appellant The Dugaboy Investment Trust ("**Dugaboy**") on the ground that Dugaboy failed to file its opening brief by the twice-extended deadline of May 26, 2026.

As this Court is undoubtedly aware, Dugaboy and other entities affiliated with James Dondero have tried for years to recuse Chief Judge Jernigan, the bankruptcy judge who was overseeing the Highland bankruptcy case.[1] In its latest gambit—undertaken after this Court rejected three prior appeals and petitions concerning recusal and Judge Jernigan voluntarily recused herself earlier this year—Dugaboy appeals a six-page ruling in which the District Court found that the Dondero Entities "failed to present any objective manifestations of bias or prejudice that would constitute grounds for Judge Jernigan's recusal."

---

[1] An overview of Dondero's recusal efforts is set forth in Highland's prior *Opposition to Request for Level 2 Extension* [Doc. 49], which Highland incorporates here by reference.

Pursuant to a briefing notice issued by the Clerk on February 12, 2026, Dugaboy's opening brief and record excerpts were required to be filed on March 24, 2026 (the "**Original Deadline**").  Doc. 35.

On March 13, 2026, Dugaboy obtained a 30-day, Level I extension (which Highland did not oppose), extending the Original Deadline to April 23, 2026 (the "**Amended Deadline**").  Doc. 36.

On April 17, 2026, Dugaboy moved for a further 60-day, Level II extension (which Highland opposed [Doc. 49]).  Doc. 43.

On April 20, 2026, the Court granted in part Dugaboy's motion and extended the Amended Deadline by an additional 30 days, or to May 26, 2026 (the "**Final Deadline**").  Doc. 48.

On May 26, 2026, the Final Deadline, rather than file its opening brief as required, Dugaboy moved for a third extension of time, seeking seven additional days on the sole baseless ground that the trial in an unrelated Highland matter was extended by one day to May 21, 2026 ("**Dugaboy's Third Extension Request**"). Doc. 52.

Highland opposed Dugaboy's Third Extension Request later that day, explaining that:

> No "extraordinary" circumstances exist warranting a third extension of time. ***First***, Jonathan Mitchell, counsel to Dugaboy,

had *no* involvement in the recent matter before the Bankruptcy Court. **Second**, Dugaboy and its counsel knew on May 12, 2026 that the trial would be continued for one day, [to] May 21, 2026, yet waited until the last second to seek a further extension of time. **Third**, Dugaboy has already received two extensions totaling 60 days, moving the deadline for the filing for the opening brief from March 24 to May 26.[2] **Finally**, Dugaboy's counsel did not ask Highland for an extension of time until today, May 26, at 1:36 pm Central Time—and event then failed to provide any reason whatsoever for this third request for an extension of time.

Doc. 53.

On May 27, 2026, the Court denied Dugaboy's Third Extension Request. Because Dugaboy failed to file its opening brief and record excerpts by the Final Deadline, its appeal should be dismissed under Federal Rule of Appellate Procedure 31(c).

Although FRAP 31(c) does not explicitly require this Court to dismiss the appeal for Dugaboy's failure to file its brief (or do much of anything since this appeal's inception other than seek extensions of time), this Court has, for decades, not hesitated to dismiss appeals under these circumstances in other

---

[2] See Docs. 36, 39, 43, and 48.

cases.[3] This Court takes these failures so seriously that it maintains Fifth Circuit Rule 42.3.2, which *mandates* dismissal for an appellant's failure to prosecute its appeal: "when appellant fails to order the transcript, fails to file a brief, or otherwise fails to comply with the rules of the court, the clerk **must** dismiss the appeal for want of prosecution." (emphasis added).[4]

This Court's local rule requiring dismissal is stronger than FRAP 31(c). The reason is obvious, particularly in the circumstance presented here: unless the Court enforces the applicable rules and dismisses appeals when appellants fail to timely file their opening briefs, the Court would be sending the unfortunate message that an appellant can seek an extension, not receive it, and move forward nonetheless as though the appellant received the extension. There would be no consequence for an appellant's failure to follow the rules and timely prosecute its appeal.

---

[3] *See, e.g., Tidwell v. Dees*, 464 F.2d 1297 (5th Cir. 1972) (dismissing a civil rights action for failure to file a brief and for want of prosecution under FRAP 31 and the Court's local rule); *Jackson v. Hensley*, 484 F.2d 992 (5th Cir. 1973), and *Swinburn v. First Federal Sav. and Loan of Lubbock, Tex.*, 487 F.2d 338 (5th Cir. 1973) (the Fifth Circuit issued nearly identical one-sentence per curiam orders in both cases dismissing the appeal "for want of prosecution in view of the appellant's failure to file a brief within the time fixed by the rules," citing the Court's local rule and *Tidwell*); *Nielsen v. United States*, 976 F.2d 951, 954 n.8 (5th Cir. 1992) (in a bankruptcy case-related appeal, "Nielsen's appeal to this court was dismissed for failure to prosecute because he failed to file a brief. See F.R.A.P. 31").

[4] *See, e.g.,* Muhammed v. Lone Star College System, 460 Fed. Appx. 341, 342 n.1 (5th Cir. 2012) (dismissing appeal and citing Fifth Circuit Rule 42.3.2).

Dugaboy failed to file its opening brief by the Final Deadline. It failed to follow this Court's rules. It failed to prosecute this appeal. For all these reasons, under FRAP 31(c) and Fifth Circuit Rule 42.3.2, the Court should dismiss this appeal. Fifth Circuit Rule 42.3.2 requires nothing less.

May 28, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Jordan A. Kroop (AZ Bar No. 018825)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Email:  jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        jkroop@pszjlaw.com

-and-

**HAYWARD PLLC**
*/s/ Melissa S. Hayward*

Zachery Z. Annable (Texas Bar No. 24053075)
Melissa S. Hayward (Texas Bar No. 24044908)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Email:  ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P., and the Highland Claimant Trust*

## CERTIFICATE OF COMPLIANCE WITH FRAP 27(d)(2)(A)

1.    This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, including footnotes and excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 940 words.

2.    This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced serif typeface (Century Schoolbook) at 14-point type (12-point for footnotes).

*/s/ Melissa S. Hayward*
Melissa S. Hayward

## CERTIFICATE OF SERVICE

I certify that, on May 28, 2026, a copy of the foregoing brief was served electronically on all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

*/s/ Melissa S. Hayward*
Melissa S. Hayward