Case No. 26-10012

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

In the Matter of: Highland Capital Management, L.P.,
Debtor.

---

The Dugaboy Investment Trust,
Appellant,
v.
Highland Capital Management, L.P.,
Appellee.

---

## RECORD EXCERPTS

---

Appeal from the United States District Court for the
Northern District of Texas, Dallas Division, the Honorable Jane J. Boyle
Case No. 3:25-cv-02579-B

Michael J. Edney
MORGAN LEWIS BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

Jonathan F. Mitchell
MITCHELL LAW PLLC
1111 Congress Avenue, Suite 400
Austin, TX 78701
Telephone: (512) 686-3940
Facsimile: (512) 686-3941

**ATTORNEYS FOR APPELLANT
THE DUGABOY INVESTMENT TRUST**

| Filing Date | Item Description | ROA Page No. | RE Page No. |
|---|---|---|---|
| | Docket Sheet for 3:25-cv-02579-B as of May 26, 2026 | R.031–089 | RE 1 – RE 8 |
| 9/26/2025 | ELECTRONIC ORDER: Plaintiff-Appellant The Dugaboy Investment Trust's Notice of Appeal seeks to challenge the Bankruptcy Court's "Order Denying Fifth Motion to Recuse Judge." See Doc. 1-1, Notice, 2. "An order denying a motion to recuse or disqualify a judge is interlocutory, not final[.]" In re Am. Ready Mix, Inc., 14 F.3d 1497, 1499 (10th Cir. 1994). The appeal therefore requires leave of court under 28 U.S.C. 158 § ʲ(a)(3), and a motion for leave to appeal must be filed as provided in Fed. R. Bankr. P. 8004. Plaintiff-Appellant's Notice of Appeal failed to include the required motion for leave. The Court therefore ORDERS Plaintiff-Appellant to file a motion for leave to appeal on or before October 10, 2025. Failure to do so may result in dismissal of the appeal without further notice. (Ordered by Judge Jane J Boyle on 9/26/2025) (chmb) **[ECF Dkt. No. 2]** | | RE 9 – RE 10 |
| 10/10/2025 | To the Extent Necessary, Appellant The Dugaboy Investment Trust's Motion for Leave to Appeal Order Denying Fifth Motion to Recuse **[ECF Dkt. No. 17]** | R.143–168 | RE 11 – RE 36 |
| 10/10/2025 | Exhibit A – Order Denying Fifth Motion to Recuse Judge [DE #4372] **[ECF Dkt. No. 17-1]** | R.169–173 | RE 37 – RE 41 |

- 3 -

| Filing Date | Item Description | ROA Page No. | RE Page No. |
|---|---|---|---|
| 12/3/2025 | Memorandum Opinion and Order Denying Appellant The Dugaboy Investment Trust's Motion for Leave to Appeal Order Denying Fifth Motion to Recuse [ECF Dkt. No. 17] | R.561–570 | RE 42 – RE 51 |
| 1/2/2026 | Notice of Appeal to the United States Court of Appeals for the Fifth Circuit **[ECF Dkt. No. 26]** | R.571–574 | RE 52 – RE 56 |
| 1/2/2026 | Exhibit A – Memorandum Opinion and Order **[ECF Dkt No. 26-1]** | R.575–585 | RE 57 – RE 66 |

Dated:  June 3, 2026

Respectfully submitted,

*/s/ Michael J. Edney*

Michael J. Edney
MORGAN LEWIS BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
Michael.edney@morganlewis.com

Jonathan F. Mitchell
MITCHELL LAW PLLC
1111 Congress Avenue, Suite 400
Austin, TX 78701
Telephone: (512) 686-3940
Facsimile: (512) 686-3941
jonathan@mitchell.law

**ATTORNEYS FOR APPELLANT
THE DUGABOY INVESTMENT
TRUST**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 3, 2026, a true and correct copy

of this document was served electronically via the Court's CM/ECF system to the

parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ Michael  J.  Edney*

Michael J. Edney

APPEAL,BKAPP,CLOSED

Query     Reports     Utilities     Help     Log Out

# U.S. District Court
## Northern District of Texas (Dallas)
### CIVIL DOCKET FOR CASE #: 3:25-cv-02579-B

| | |
|---|---|
| The Dugaboy Investment Trust et al v. Highland Capital Management LP et al<br>Assigned to: Senior Judge Jane J Boyle<br>Case in other court:  BK Court 19-34054-sgj11<br>          USCA5, 26-10012<br>Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA | Date Filed: 09/23/2025<br>Date Terminated: 12/03/2025<br>Jury Demand: None<br>Nature of Suit: 422 Bankruptcy: Appeal 28 USC 158<br>Jurisdiction: Federal Question |

**Debtor**

| | | |
|---|---|---|
| **Highland Capital Management LP** | represented by | **Gregory Vincent Demo**<br>Pachulski Stang Ziehl & Jones LLP<br>1700 Broadway<br>Suite 36th Floor<br>New York, NY 10019<br>212-561-7700<br>Fax: 212-561-7777<br>Email: gdemo@pszjlaw.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Hayley R Winograd**<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>599 Lexington Avenue<br>Suite 38th Floor<br>New York, NY 10022<br>212-542-3420<br>Email: hwinograd@allenmatkins.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br><br>**Jeffrey Nathan Pomerantz**<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd.<br>Ste 13th Floor<br>Los Angeles, CA 90066<br>310-277-6910<br>Fax: 310-201-0760<br>Email: jpomerantz@pszjlaw.com<br>*ATTORNEY TO BE NOTICED*<br><br>**John A Morris**<br>Pachulski Stang Ziehl & Jones LLP<br>1700 Broadway<br>Ste 36th Floor |

RE1

New York, NY 10019
212-561-7760
Fax: 212-561-7777
Email: jmorris@pszjlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa S Hayward**
Hayward PLLC
10501 N Central Expressway, Suite 106
Dallas, TX 75231
972-755-7100
Fax: 972-755-7104
Email: mhayward@haywardfirm.com
*ATTORNEY TO BE NOTICED*

**Zachery Z Annable**
Hayward PLLC
10501 N Central Expressway, Suite 106
Dallas, TX 75231
972-755-7108
Fax: 972-755-7110
Email: zannable@haywardfirm.com
*ATTORNEY TO BE NOTICED*

**Appellant**

| The Dugaboy Investment Trust | represented by | **Alexandra Ohlinger** |
|---|---|---|

Crawford Wishnew & Lang
1700 Pacific Avenue
Suite 2390
Dallas, TX 75201
214-817-4500
Fax: 214-817-4509
Email: aohlinger@cwl.law
*ATTORNEY TO BE NOTICED*

**Geoffrey S Harper**
King & Spalding LLP
2601 Olive Street
Ste 2300
Dallas, TX 75201
214-764-4453
Email: gharper@kslaw.com
*ATTORNEY TO BE NOTICED*

**John Michael Gaddis**
King & Spalding LLP
2601 Olive Street
Suite 2300
Dallas, TX 75201
214-764-4502
Email: mgaddis@kslaw.com
*ATTORNEY TO BE NOTICED*

RE2

Docket Version List

**Michael J Lang**
Crawford Wishnew & Lang PLLC
1700 Pacific Avenue, Suite 2390
Dallas, TX 75201
214-817-4500
Fax: 214-817-4509
Email: mlang@cwl.law
*ATTORNEY TO BE NOTICED*

V.

<u>**Appellee**</u>

**Highland Capital Management LP**                    represented by **Gregory Vincent Demo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hayley R Winograd**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Nathan Pomerantz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John A Morris**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jordan A Kroop**
Pachulski Stang Ziehl & Jones LLP
1700 Broadway
Ste 36th Floor
New York, NY 10019
212-561-7700
Fax: 212-561-7777
Email: Jkroop@pszjlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa S Hayward**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zachery Z Annable**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Appellee**</u>

**Highland Claimant Trust**                    represented by **Gregory Vincent Demo**
(See above for address)
*ATTORNEY TO BE NOTICED*

RE3

Hayley R Winograd
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Jeffrey Nathan Pomerantz
(See above for address)
*ATTORNEY TO BE NOTICED*

John A Morris
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Melissa S Hayward
(See above for address)
*ATTORNEY TO BE NOTICED*

Zachery Z Annable
(See above for address)
*ATTORNEY TO BE NOTICED*

**Appellee**

**Highland Litigation Sub-Trust**                    represented by    **Deborah Jill Newman**
Quinn Emanuel Urquhart & Sullivan LLP
295 5th Avenue
New York, NY 10016
212-849-7000
Email:
deborahnewman@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Paige Holden Montgomery**
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
214-969-3500
Fax: 214-981-3400
Email: pmontgomery@sidley.com
*ATTORNEY TO BE NOTICED*

**Robert Scott Loigman**
Quinn Emanuel Urquhart & Sullivan LLP
295 5th Avenue
New York, NY 10016
212-849-7000
Email: robertloigman@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Appellee**

**Hunter Mountain Investment Trust**                    represented by    **Amelia L Hurt**
Kelly Hart & Pitre
400 Poydras Street, Suite 1812

RE4

New Orleans, LA 70130
504-522-1812
Fax: 504-522-1813
Email: amelia.hurt@kellyhart.com
*ATTORNEY TO BE NOTICED*

**Louis M Phillips**
Kelly Hart & Pitre
301 Main Street, Suite 1600
Baton Rouge, LA 70801
225-381-9643
Fax: 225-336-9763
Email: louis.phillips@kellyhart.com
*ATTORNEY TO BE NOTICED*

**Bankruptcy Judge**

**Stacey G Jernigan**                          represented by   **Stacey G Jernigan**
                                                                US Bankruptcy Court
                                                                Chambers of Judge Stacey G C Jernigan
                                                                1100 Commerce St
                                                                Room 1254
                                                                Dallas, TX 75242-1496
                                                                214-753-2040
                                                                Email: sgj_settings@txnb.uscourts.gov
                                                                *PRO SE*

V.

**Notice Only**

**Case Admin Sup**                             represented by   **Case Admin Sup**
                                                                Email: txnb_appeals@txnb.uscourts.gov
                                                                *PRO SE*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2025 | 1 | Pursuant to Fed. R. Bankr. P. 8003(d), the bankruptcy clerk has transmitted the notice of appeal filed in bankruptcy case number 19-34054-sgj11 and the notice of appeal has now been docketed in the district court in case 3:25-cv-2579. (The filing fee has been paid in the Bankruptcy Court.) Pursuant to Fed. R. Bankr. P. 8009, before the record on appeal can be assembled and filed in the district court, designations of items to be included in the record on appeal and statements of issues must be filed in the bankruptcy case. If a sealed document is designated, the designating party must file a motion in the district court case for the document to be accepted under seal. See also District Court Local Bankruptcy Rule 8012.1. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Notice of Appeal) (Almaraz-BK, Jeanette) (Entered: 09/23/2025) |
| 09/23/2025 | | New Case Notes: A filing fee has been paid. (cfk) (Entered: 09/24/2025) |
| 09/26/2025 | 2 | ELECTRONIC ORDER: Plaintiff-Appellant The Dugaboy Investment Trust's Notice of Appeal seeks to challenge the Bankruptcy Court's "Order Denying Fifth Motion to Recuse |

RE5

Judge." See Doc. 1-1, Notice, 2. "An order denying a motion to recuse or disqualify a judge is interlocutory, not final[.]" In re Am. Ready Mix, Inc., 14 F.3d 1497, 1499 (10th Cir. 1994). The appeal therefore requires leave of court under 28 U.S.C. § 158(a)(3), and a motion for leave to appeal must be filed as provided in Fed. R. Bankr. P. 8004. Plaintiff-Appellant's Notice of Appeal failed to include the required motion for leave. The Court therefore ORDERS Plaintiff-Appellant to file a motion for leave to appeal on or before October 10, 2025. Failure to do so may result in dismissal of the appeal without further notice. (Ordered by Judge Jane J Boyle on 9/26/2025) (chmb) (Entered: 09/26/2025)

| | | |
|---|---|---|
| 09/30/2025 | 3 | NOTICE of Attorney Appearance by Geoffrey S Harper on behalf of The Dugaboy Investment Trust. (Filer confirms contact info in ECF is current.) (Harper, Geoffrey) (Entered: 09/30/2025) |
| 09/30/2025 | 4 | NOTICE of Attorney Appearance by John Michael Gaddis on behalf of The Dugaboy Investment Trust. (Filer confirms contact info in ECF is current.) (Gaddis, John) (Entered: 09/30/2025) |
| 09/30/2025 | 5 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by The Dugaboy Investment Trust. (Clerk QC note: Affiliate entry indicated). (Harper, Geoffrey) (Entered: 09/30/2025) |
| 10/02/2025 | 6 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-15884240) filed by Highland Capital Management LP (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order) (Winograd, Hayley) (Entered: 10/02/2025) |
| 10/02/2025 | 7 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-15884288) filed by Highland Capital Management LP (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order) (Morris, John) (Entered: 10/02/2025) |
| 10/02/2025 | 8 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-15884331) filed by Highland Capital Management LP (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order) (Pomerantz, Jeffrey) (Entered: 10/02/2025) |
| 10/02/2025 | 9 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-15884366) filed by Highland Capital Management LP (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order)Attorney Jordan A Kroop added to party Highland Capital Management LP(pty:e) (Kroop, Jordan) (Entered: 10/02/2025) |
| 10/02/2025 | 10 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-15884446) filed by Highland Capital Management LP (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order) (Demo, Gregory) (Entered: 10/02/2025) |
| 10/03/2025 | 11 | ELECTRONIC ORDER granting 6 Application for Admission Pro Hac Vice of Hayley R. Winograd. If not already done, Applicant must register as an ECF User within 14 days (LR 5.1(f)). (Ordered by Senior Judge Jane J Boyle on 10/3/2025) (chmb) (Entered: 10/03/2025) |
| 10/03/2025 | 12 | ELECTRONIC ORDER granting 7 Application for Admission Pro Hac Vice of John A. Morris. If not already done, Applicant must register as an ECF User within 14 days (LR 5.1(f)). (Ordered by Senior Judge Jane J Boyle on 10/3/2025) (chmb) (Entered: 10/03/2025) |

RE6

| | | |
|---|---|---|
| 10/03/2025 | 13 | ELECTRONIC ORDER granting 8 Application for Admission Pro Hac Vice of Jeffrey N. Pomerantz. If not already done, Applicant must register as an ECF User within 14 days (LR 5.1(f)). (Ordered by Senior Judge Jane J Boyle on 10/3/2025) (chmb) (Entered: 10/03/2025) |
| 10/03/2025 | 14 | ELECTRONIC ORDER granting 9 Application for Admission Pro Hac Vice of Jordan A. Kroop. If not already done, Applicant must register as an ECF User within 14 days (LR 5.1(f)). (Ordered by Senior Judge Jane J Boyle on 10/3/2025) (chmb) (Entered: 10/03/2025) |
| 10/03/2025 | 15 | ELECTRONIC ORDER granting 10 Application for Admission Pro Hac Vice of Gregory V. Demo. If not already done, Applicant must register as an ECF User within 14 days (LR 5.1(f)). (Ordered by Senior Judge Jane J Boyle on 10/3/2025) (chmb) (Entered: 10/03/2025) |
| 10/03/2025 | 16 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Highland Capital Management LP, Highland Claimant Trust. (Clerk QC note: Affiliate entry indicated). (Annable, Zachery) (Entered: 10/03/2025) |
| 10/10/2025 | 17 | MOTION for Leave to Appeal *Order Denying Fifth Motion to Recuse* filed by The Dugaboy Investment Trust. filed by The Dugaboy Investment Trust (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Proposed Order) (Harper, Geoffrey) (Entered: 10/10/2025) |
| 10/20/2025 | 18 | Emergency MOTION to Stay re 17 MOTION for Leave to Appeal *Order Denying Fifth Motion to Recuse* filed by The Dugaboy Investment Trust. *(Appellees' Emergency Motion for a Limited Stay and Extension of Time to Respond to Motion for Leave Pending the Outcome of a Related Motion to Strike)* filed by Highland Capital Management LP, Highland Claimant Trust (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C) (Annable, Zachery) (Entered: 10/20/2025) |
| 10/20/2025 | 19 | AFFIDAVIT re 18 Emergency MOTION to Stay re 17 MOTION for Leave to Appeal *Order Denying Fifth Motion to Recuse* filed by The Dugaboy Investment Trust. *(Appellees' Emergency Motion for a Limited Stay and Extension of Time to Respond to Motion for by Highland Capital Management LP, Highland Claimant Trust. (Attachments: # 1 Exhibit(s) 1) (Annable, Zachery) (Entered: 10/20/2025)* |
| 10/21/2025 | 20 | NOTICE of *(Notice with Respect to Appellees' Pending Emergency Motion for a Limited Stay and Extension of Time to Respond to Motion for Leave Pending the Outcome of a Related Motion to Strike)* re: 18 Emergency MOTION to Stay re 17 MOTION for Leave to Appeal *Order Denying Fifth Motion to Recuse* filed by The Dugaboy Investment Trust. *(Appellees' Emergency Motion for a Limited Stay and Extension of Time to Respond to Motion for filed by Highland Capital Management LP, Highland Claimant Trust (Annable, Zachery) (Entered: 10/21/2025)* |
| 10/21/2025 | 21 | ORDER: Because there are still three days left for Appellees to respond to Dugaboy's Motion for Leave, the Court DENIES WITHOUT PREJUDICE Appellees' 18 alternative request to extend their time to respond to ten days after disposition of the Emergency Motion. (Ordered by Senior Judge Jane J Boyle on 10/21/2025) (cfk) (Entered: 10/22/2025) |
| 10/24/2025 | 22 | MOTION to Stay *Proceedings Pending Ruling on Motion to Consolidate Proceedings on Appeal* filed by The Dugaboy Investment Trust (Attachments: # 1 Exhibit 1, # 2 Proposed Order) (Harper, Geoffrey) (Entered: 10/24/2025) |

RE7

| | | |
|---|---|---|
| 10/24/2025 | 23 | RESPONSE filed by Highland Capital Management LP, Highland Claimant Trust re: 17 MOTION for Leave to Appeal *Order Denying Fifth Motion to Recuse* filed by The Dugaboy Investment Trust. (Annable, Zachery) (Entered: 10/24/2025) |
| 10/29/2025 | 24 | OBJECTION filed by Highland Capital Management LP, Highland Claimant Trust re: 22 MOTION to Stay *Proceedings Pending Ruling on Motion to Consolidate Proceedings on Appeal* (Hayward, Melissa) (Entered: 10/29/2025) |
| 12/03/2025 | 25 | MEMORANDUM OPINION AND ORDER denying 17 Motion for Leave to Appeal, denying as moot 22 Motion to Stay Proceedings. This appeal is DISMISSED for lack of jurisdiction. (Ordered by Senior District Judge Jane J Boyle on 12/3/2025) (knb) (Entered: 12/03/2025) |
| 12/03/2025 | | Civil Case Terminated per 25 Memorandum Opinion and Order. (knb) (Entered: 12/03/2025) |
| 01/02/2026 | 26 | NOTICE OF APPEAL as to 25 Memorandum Opinion and Order to the Fifth Circuit by The Dugaboy Investment Trust. Filing fee $605, receipt number ATXNDC-16090226. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Attachments: # 1 Exhibit A) (Harper, Geoffrey) (Entered: 01/02/2026) |
| 01/16/2026 | 27 | DESIGNATION of Record on Appeal by The Dugaboy Investment Trust re 26 Notice of Appeal. (Attachments: # 1 Exhibit(s) A) (Harper, Geoffrey) (Entered: 01/16/2026) |
| 01/25/2026 | | USCA Case Number 26-10012 in USCA5 for 26 Notice of Appeal filed by The Dugaboy Investment Trust. (axm) (Entered: 01/25/2026) |
| 02/17/2026 | | Record on Appeal for USCA5 26-10012 (related to 26 appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (axm) (Entered: 02/17/2026) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/26/2026 12:07:46 | | |
| **PACER Login:** | sstaskus | **Client Code:** | 39956-240001-116903 |
| **Description:** | Docket Report | **Search Criteria:** | 3:25-cv-02579-B |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

RE8



**SARAH SHELBY**
DOCKET COORDINATOR

**T**  +1 (713) 651-2654
sshelby@winston.com

---

**From:** ecf_txnd@txnd.uscourts.gov <ecf_txnd@txnd.uscourts.gov>
**Sent:** Friday, September 26, 2025 2:58 PM
**To:** Courtmail@txnd.uscourts.gov
**Cc:** ECF_CH <ECF_CH@winston.com>
**Subject:** Activity in Case 3:25-cv-02579-B The Dugaboy Investment Trust et al v. Highland Capital Management, L.P. et al Order

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.

### U.S. District Court

### Northern District of Texas

**Notice of Electronic Filing**

The following transaction was entered on 9/26/2025 at 2:58 PM CDT and filed on 9/26/2025

| | |
|---|---|
| **Case Name:** | The Dugaboy Investment Trust et al v. Highland Capital Management, L.P. et al |
| **Case Number:** | 3:25-cv-02579-B |
| **Filer:** | |
| **Document Number:** | 2(No document attached) |

**Docket Text:**
**ELECTRONIC ORDER: Plaintiff-Appellant The Dugaboy Investment Trust's Notice of Appeal seeks to challenge the Bankruptcy Court's "Order Denying Fifth Motion to Recuse Judge." See Doc. 1-1, Notice, 2. "An order denying a motion to recuse or disqualify a judge is interlocutory, not final[.]" In re Am. Ready Mix, Inc., 14 F.3d 1497, 1499 (10th Cir. 1994). The appeal therefore requires leave of court under 28 U.S.C. 158 §Ī(a)(3), and a motion for leave to appeal must be filed as provided in Fed. R. Bankr. P. 8004. Plaintiff-Appellant's Notice of Appeal failed to include the required motion for leave. The Court therefore ORDERS Plaintiff-Appellant to file a motion for leave to appeal on or before October 10, 2025. Failure to do so may result in dismissal of the appeal without further notice. (Ordered by Judge Jane J Boyle on 9/26/2025) (chmb)**

**3:25-cv-02579-B Notice has been electronically mailed to:**

Geoffrey S Harper    gharper@winston.com, ecf_houston@winston.com, lfowler@winston.com, lwebster@winston.com, smcmillen@winston.com

Paige Holden Montgomery    pmontgomery@sidley.com, broper@sidley.com, ncade@sidley.com, nef@sidley.com, txefilingnotice@sidley.com

Michael J Lang    mlang@cwl.law, aohlinger@cwl.law, ywallace@cwl.law

Melissa S Hayward    mhayward@haywardfirm.com, mholmes@haywardfirm.com

Zachery Z Annable    zannable@haywardfirm.com, zannable@franklinhayward.com

Louis M Phillips    louis.phillips@kellyhart.com, amelia.hurt@kellyhart.com, june.alcantara-davis@kellyhart.com

Deborah Jill Newman    deborahnewman@quinnemanuel.com, calendar@quinnemanuel.com

John Michael Gaddis    mgaddis@winston.com, ecf_houston@winston.com

Alexandra Ohlinger    aohlinger@cwl.law, , ylopez@cwl.law

John A Morris    jmorris@pszjlaw.com, hwinograd@pszjlaw.com, lsc@pszjlaw.com

Jeffrey N Pomerantz    jpomerantz@pszjlaw.com

Gregory V Demo    gdemo@pszjlaw.com, hwinograd@pszjlaw.com, jfried@pszjlaw.com, lsc@pszjlaw.com

Hayley R Winograd    hayleywinograd@gmail.com

Robert Scott Loigman    robertloigman@quinnemanuel.com, calendar@quinnemanuel.com

Amelia L Hurt    amelia.hurt@kellyhart.com

Case Admin Sup    txnb_appeals@txnb.uscourts.gov

Stacey G Jernigan    sgj_settings@txnb.uscourts.gov, Judge_Stacey_Jernigan@txnb.uscourts.gov, courtney_lauer@txnb.uscourts.gov

**3:25-cv-02579-B The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will serve notice of court Orders and Judgments by mail as required by the federal rules. An attorney/pro se litigant is cautioned to carefully follow the federal rules (see FedRCivP 5) with regard to service of any document the attorney/pro se litigant has filed with the court. The clerk's office will not serve paper documents on behalf of an attorney/pro se litigant.**

---

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

Geoffrey S. Harper
Texas Bar No. 00795408
gharper@winston.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)

Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
CRAWFORD, WISHNEW & LANG PLLC
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500

*Counsel for Appellant The Dugaboy Investment Trust*

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| In re:<br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br>　　　Reorganized Debtor. | Chapter 11<br>Case No. 19-34054-sgj11 |
| THE DUGABOY INVESTMENT TRUST,<br>　　　Appellant,<br>v.<br>HIGHLAND CAPITAL MANAGEMENT, L.P,<br>et al.,<br>　　　Appellees. | Case No. 3:25-cv-02579-B |

## TO THE EXTENT NECESSARY, APPELLANT THE DUGABOY INVESTMENT TRUST'S MOTION FOR LEAVE TO APPEAL ORDER DENYING FIFTH MOTION TO RECUSE

RE11

**TABLE OF CONTENTS**

Page

INTRODUCTION ....................................................................................................1

FACTUAL BACKGROUND ...................................................................................2

QUESTION PRESENTED .......................................................................................7

RELIEF SOUGHT ....................................................................................................7

ARGUMENT AND AUTHORITIES .......................................................................8

    A.    Standard for Final Appeals........................................................................8

    B.    Standard for Interlocutory Appeals. .........................................................9

    C.    To the Extent Required, the Court Should Grant Leave to Appeal Because the Bankruptcy Court Has Already Issued Final Appealable Orders on Matters Intertwined with Recusal. ...................10

        1.    The Bankruptcy Court's approval of the Rule 9019 Settlement is a final appealable order. ......................................10

        2.    The Class 11 Order is a final order directly related to the recusal issue. .................................................................................12

        3.    Recusal is necessary based on the Court's continuing and escalating displays of bias.........................................................13

    D.    Even Taken As An Interlocutory Appeal, Leave Should Be Granted to Appeal Under 28 U.S.C. §158(a)(3) and 28 U.S.C. §1292(b). ..................................................................................................14

        1.    The issue of whether Judge Jernigan should have recused herself presents a controlling question of law. .........................14

        2.    A substantial ground for difference of opinion exists as to the issue of recusal. ...............................................................15

        3.    An immediate appeal of the recusal issue will materially advance the ultimate termination of this litigation. ..................16

    E.    Leave to Appeal Should Be Granted For Reasons of Practicality and Fairness. ............................................................................................17

CONCLUSION .......................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ades-Berg Investors v. Breeden (In re Bennett Funding Group)*,
439 F.3d 155 (2d Cir. 2006) ....................................................................11

*Adhikari v. Daoud & Partners*,
2012 WL 718933 (S.D. Tex. Mar. 5, 2012) .......................................14

*Amaro-Borilla v. Barr*,
792 F. App'x. 493 (9th Cir. 2020) (mem. op.) ...............................7, 16

*Andrade v. Chojnacki*,
338 F.3d 448 (5th Cir. 2003) ...............................................................7, 16

*In re ASARCO, LLC*,
650 F.3d 593 (5th Cir. 2011) ....................................................................9

*In re Bartee*,
212 F.3d 277 (5th Cir. 2000) ....................................................................9

*In re Coastal Plains Inc.*,
338 B.R. 703 (N.D. Tex. 2006) .................................................4, 9, 12

*In re Cobalt Int'l Energy, Inc. Securities Litig.*,
2016 WL 949065 (S.D. Tex. Mar. 14, 2016) ..................................15

*In re CTLI, LLC*,
534 B.R. 895 (Bankr. S.D. Tex. 2015) ...........................................18

*Dondero et al. v. Jernigan et al.*,
No. 25-355 (pet. filed Sept. 22, 2025) ............................................7, 16

*Dondero et al. v. Jernigan (In re Highland Capital Mgmt., L.P.)*,
Civ. No. 3:21-CV-0879-K, 2022 WL 394760 (N.D. Tex. Feb. 9,
2022) .........................................................................................................2, 6

*Dondero v. Jernigan*,
No. 24-10287, 2025 WL 1122466 (5th Cir. Apr. 16, 2025).................3, 7, 16, 18

RE13

*Grove Fresh Distributors, Inc. v. John Labatt, Ltd.*,
    299 F.3d 635 (7th Cir. 2002) ..........................................................................7, 16

*Kelley v. Cypress Fin. Trading Co., L.P.*,
    518 B.R. 373 (N.D. Tex. 2014) ............................................................................10

*In re Kizzee–Jordan*,
    626 F.3d 239 (5th Cir. 2010) ............................................................................9, 10

*In re Moody*,
    849 F.2d 902 (5th Cir. 1988) ...............................................................................12

*In re O'Connor*,
    258 F.3d 392 (5th Cir. 2001) ...............................................................................10

*Panda Energy Intern., Inc. v. Factory Mut. Ins.*,
    2011 WL 610016 (N.D. Tex. Feb. 14, 2011) ......................................................16

*Pemex Exploracion y Produccion v. BASF Corp.*,
    2011 WL 11569219 (S.D. Tex. Feb 11, 2011) ....................................................17

*In re Reagor-Dykes Motors, L.P.*,
    613 B.R. 878 (Bankr. N.D. Tex. 2020)................................................................11

*Ritzen Group, Inc. v. Jackson Masonry, LLC*,
    589 U.S. 35 (2020)..................................................................................................8

*Ryan v. Flowserve Corp.*,
    444 F. Supp. 2d 718 (N.D. Tex. 2006) ....................................................14, 15, 16

*In re Saco Local Development Corp.*,
    711 F.2d 441 (1st Cir.1983)..................................................................................12

*In re Searex Energy Servs.*,
    Civ. No. No. 09–5817, 2009 WL 2868243 (E.D. La. Sept. 1, 2009)..................10

*Smith v. Revie* (*In re Moody*),
    817 F.2d 365 (5th Cir. 1987) .................................................................................9

*Matter of Texxon Petrochemicals LLC*,
    67 F. 4th 259 (5th Cir. 2023) ...............................................................................17

iv

RE14

*In re Tullius*,
  500 F. App'x. 286 (5th Cir. 2012) ........................................................................10

## Statutes

28 U.S.C. § 158(a) ..................................................................................................8

28 U.S.C. § 158(a)(1)..............................................................................................8

28 U.S.C. § 158(a)(3)....................................................................................1, 10, 14

28 U.S.C. § 1292(b) .....................................................................................10, 14, 16

## Other Authorities

Fed. R. Bankr. P. 8003 ............................................................................................1

Fed. R. Bankr. P. 8004(a)(2)....................................................................................1

Fed. R. Bankr. P. 8004(b)(1)....................................................................................2

Fed. R. Bankr. P. 9019 ..................................................................................6, 10, 11

Fed. R. Civ. P. 11 ..............................................................................................5, 13

Pursuant to the Court's order of September 26, 2025, (Dkt. 2), Appellant The Dugaboy Investment Trust ("Dugaboy") respectfully files this Motion for Leave to Appeal.

## **INTRODUCTION**

To the extent the Court's leave is required for Dugaboy to appeal the order denying the motion to recuse, the Court should grant such leave.  Under 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8004(a)(2), a party must seek leave to appeal an interlocutory order prior to final disposition of a case. While Dugaboy did not seek leave before appealing the order denying recusal, it appealed without leave only because, based on its interpretation of current controlling case law, no such leave was required because the appeal is of a final order and as of right. *See* Fed. R. Bankr. P. 8003.  The bankruptcy court has issued at least two final orders on matters intertwined with the recusal motion that is the subject of this appeal.  The appeal was not deemed by Dugaboy as interlocutory and, therefore, Dugaboy had no intention of violating any procedural rule. But because the Court has specifically instructed Dugaboy to file a Motion for Leave, Dugaboy now so files.  And to the extent such leave is required, the Court should grant the motion.

1

RE16

## FACTUAL BACKGROUND[1]

This Motion seeks the Court's leave to appeal from the bankruptcy court's September 2, 2025 "*Order Denying Fifth Motion to Recuse Judge*."  Bankr. Dkt.[2] 4379.  This recusal motion (Bankr. Dkt. 4372) focuses squarely on the uniquely prejudicial circumstances created by Chief Judge Stacey G.C. Jernigan's publication of two fiction novels with numerous similarities to her real cases and litigants, in particular a villain bearing very close similarity to Mr. Dondero.  And from being deterred by the ensuing public controversy, Chief Judge Jernigan worked on a forthcoming third book during the same time frame she issued the orders that Dugaboy seeks to appeal.[3]  Indeed, in a stunning decision, Chief Judge Jernigan is seeking to use the controversy and the filing of further recusal motions as a key part of her publicity campaign to sell her new book.[4]  Not only does her marketing campaign give Chief Judge Jernigan a direct financial interest in further recusal proceedings involving Mr. Dondero, it effectively pressures her to stick to her guns

---

[1]    Under Fed. R. Bankr. P. 8004(b)(1), a motion for leave to appeal must include "(A) the facts needed to understand the question presented; (B) the question itself; (C) the relief sought; (D) the reasons why leave to appeal should be granted; and (E) a copy of the interlocutory order or decree and any related opinion or memorandum."  A copy of the Bankruptcy Court's Order denying the motion to recuse is attached as Exhibit A.

[2]    "Bankr. Dkt" refers to the main bankruptcy case, *In re Highland Management, L.P.*, Bankr. N.D. Tex. Case No. 19-34054-sgj-11.

[3]    Ex. B (publicity flyer for forthcoming third novel).

[4]    *See id.* (quoting extensively from a 2023 Wall Street Journal article that interviewed Mr. Dondero and discussed the controversy at length).

2

RE17

and reject any further recusal requests for fear of disappointing her fan base and losing sales.

Dugaboy's impetus for filing the recent recusal motion stems from the Fifth Circuit's April 16, 2025 decision on rehearing of a mandamus petition from the Bankruptcy Court's denial of a previous recusal motion. *Dondero v. Jernigan*, No. 24-10287, 2025 WL 1122466, at *7 (5th Cir. Apr. 16, 2025). In that decision, the Fifth Circuit acknowledged the lack of any precedent for the situation created by Chief Judge Jernigan's novels, stating that "[d]ue to the similarities between the characters in Chief Judge Jernigan's novel and the litigants currently before her court, *a strong argument could be made that [Chief Judge Jernigan] had a duty to recuse*," but ultimately declined to order recusal because it concluded that the extremely high standard for mandamus relief had not been met. *See id*. (emphasis added). In other words, the Fifth Circuit suggested a motion to recuse might have succeeded if brought under the ordinary abuse-of-discretion standard in a regular appeal. *See id.*

Dugaboy took up that challenge, filing a new recusal motion that encouraged Chief Judge Jernigan to "step back" before proceeding with an appeal. Bankr. Dkt. 4372 at 5. Instead, Chief Judge Jernigan denied that motion. Bankr. Dkt. 4379.

Shortly after declining to recuse, Chief Judge Jernigan held a hearing and

issued an Order (Bankr. Dkt. 4401)[5] in which she granted Highland's Motion to Fix the Allowed Amount of Dugaboy's Class 11 Interests (*see* Bankr. Dkt. 4362). The purpose and effect of the Class 11 Order was to "fix" the value of Dugaboy's claims to a ceiling of a specific dollar amount and cut off any avenue for possible further recoveries. In other words, this was a "final order" with respect to Dugaboy's claims. *See, e.g.*, *In re Coastal Plains Inc.*, 338 B.R. 703, 713 (N.D. Tex. 2006) (explaining finality for appellate purposes in "the unique procedural posture of bankruptcy cases"). Moreover, Chief Judge Jernigan repeatedly stated on the record that she thought the objections to the motion were extremely close to being sanctionable because the entire issue was final and subject to res judicata. *See, e.g.*, Exhibit C, Sept. 18, 2025 Hearing Transcript at 76:8–16; 13:12–19. Since Chief Judge Jernigan stressed that the matter had either become final weeks earlier or was certainly final by the time of the hearing, the Bankruptcy Court's Class 11 Order again showed that an appeal was appropriate as a matter of course and was not interlocutory. *See id*. 13:12–19; 164:4–13.

Furthermore, the concerns behind the recusal motion came on full display at the September 18, 2025 hearing on the Class 11 Motion, thus closely connecting the appeals on these two matters. In what was perhaps the most extreme display to date

---

[5]   Dugaboy is challenging this Order in another appeal, N.D. Tex. Case No. 3:25-cv-02724-L, currently before Judge Lindsay.

4

RE19

of bias against Mr. Dondero and anyone associated with him, Chief Judge Jernigan threatened Dugaboy's current counsel, Geoffrey Harper, with Rule 11 sanctions if he continued to "recycle" arguments previously made by prior Dugaboy attorneys, while also rebuking him for offering novel arguments that prior counsel never made. *See* Ex. C, Hrg. Tr. 21:23–22:02; 61:9–62:1; 76:4–77:3; 77:17–78:19.

*See* 76:8–16:

THE COURT: I really am very perplexed about this hearing we had today. And I'm really—Mr. Morris said this is almost Rule 11-sanctionable, and I don't think that was a farfetched statement.
MR. HARPER: Understood, Your Honor.
THE COURT: I think a lot of us who have been involved with this case for a very long time, we're just very weary of the *déjà vu* all over again. And we're almost too weary to move for sanctions, entertain sanctions. Do you hear what I'm saying? I really want you to hear what I'm saying. It's been a merry-go-round of lawyers. I don't know what else term to use for it. How many lawyers do you think have appeared for Dugaboy in five years or however long this has been?

*Compare, e.g.*, 21:23–22:06:

THE COURT: Why wasn't your client making this argument in February 2021 when the plan was performing?
MR. HARPER: Your Honor, I can't answer that. I do not know.
THE COURT: Well, you can't change lawyers and use that as an excuse. So what is your excuse?

Chief Judge Jernigan's threat was clear: Lawyers who represent Dugaboy or Dondero due so at their own peril. Parties who seek to preserve objections as required by law—as even opposing counsel conceded was necessary at that time—

5

RE20

were risking monetary sanctions or worse from Chief Judge Jernigan.  And new arguments were also dangerous. So at the same time Chief Judge Jernigan was circulating publicity about her new book and seeking to drum up interest because of the issues raised in this case, Chief Judge Jernigan was making further rulings and arguments.  Indeed, had Chief Judge Jernigan ruled otherwise, it would have required significant changes to her publisher's promotional materials[6] and probably depressed her book sales.

The effect (and presumably the purpose) of the Bankruptcy Court's admonition was to create a chilling effect meant to deter Dugaboy's and Mr. Dondero's counsel from performing their ethical duty to zealously advocate on behalf of their clients.

As Chief Judge Jernigan herself has repeatedly stated, the issue is final.[7]  Now is the time to resolve the merits of Dugaboy's appeal on the recusal issue.  Both the Class 11 ruling and the approval of the Rule 9019 settlement have brought the overall bankruptcy case close to completion, especially on the issues of concern to Dugaboy.[8]  By contrast, to the extent Dugaboy participates in further bankruptcy-

---

[6]     *See* Ex. B., publicity flyer for forthcoming third novel that extensively discusses the long-running controversies between Chief Judge Jernigan and Mr. Dondero.

[7]     *See, e.g.*, Ex. C, Sept. 18, 2025 Hrg. Tr. at 73:24–74:2 ("I think the statement is absolutely true that it's time for this case to end.").

[8]     This near finality of the overall case, combined with final orders specifically addressing Dugaboy's interests, is what distinguishes the current recusal motion from an earlier recusal appeal that Judge Kinkeade denied in 2022.  *See Dondero et al. v. Jernigan (In re Highland Capital*

court proceedings, Chief Judge Jernigan's escalating pattern of bias will cause it further harm. Finally, if Dugaboy is forced to wait years for all remaining claims to be resolved, it may be too late and too difficult to unwind the wrongful transactions that have harmed its interests.

## QUESTION PRESENTED

To the extent that this appeal would be interlocutory and leave is needed, the question that would be presented on appeal is whether Chief Judge Jernigan abused her discretion in denying Dugaboy's motion to recuse.[9]

## RELIEF SOUGHT

To the extent leave is needed, Dugaboy asks this Court to allow it to appeal the denial of its Fifth Motion for Recusal. If successful, Dugaboy will seek an order requiring Chief Judge Jernigan to recuse herself from this bankruptcy case and any other present or future matters involving James Dondero or others associated with him. Dugaboy will also seek vacatur or reversal of all potentially bias-tainted

---

*Mgmt., L.P.)*, Civ. No. 3:21-CV-0879-K, 2022 WL 394760 (N.D. Tex. Feb. 9, 2022) (Kinkeade, J.).

[9]    Abuse of discretion is the Fifth Circuit's standard for reviewing a judge's denial of a motion to recuse on direct appeal. *See, e.g.*, *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). But other circuits apply a de novo standard of review. *See, e.g.*, *Grove Fresh Distributors, Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 639 (7th Cir. 2002); *Amaro-Borilla v. Barr*, 792 F. App'x. 493, 494 (9th Cir. 2020) (mem. op.). In seeking review of the Fifth Circuit decision discussed above (*Dondero v. Jernigan*, No. 24-10287, 2025 WL 1122466 (5th Cir. Apr. 16, 2025)), Dugaboy and Mr. Dondero have filed a petition for certiorari with the United States Supreme Court presenting this question: "Should a judge's order declining to recuse be reviewed de novo or for abuse of discretion?" *See Dondero et al. v. Jernigan et al*, Petition for a Writ of Certiorari, Case No. 25-355 (Sept. 22, 2025).

decisions or actions taken by Chief Judge Jernigan starting from the time she began writing her books, including at minimum the four decisions that are the subject of Dugaboy's appeals.[10]

## ARGUMENT AND AUTHORITIES

### A. Standard for Final Appeals.

District courts have jurisdiction to hear appeals "from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). Because the jurisdictional statute allows appeal from both "cases and proceedings" in bankruptcy court, *see id*. § 158(a), the Supreme Court has held that "proceedings" within a larger bankruptcy case can separately support final appeals if they give final resolution to particular parties or discrete disputes. *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020). Because a bankruptcy case "embraces an aggregation of individual controversies, orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Id*.

The Fifth Circuit has likewise held that for purposes of determining the finality of a bankruptcy order, each matter that arises between the filing of the bankruptcy petition and the issuing of a closing order is treated as a separate

---

[10] This recusal order is one of four decisions by the Bankruptcy Court that Dugaboy is now appealing. These related appeals before other District Courts are of the Order Approving Settlement Between the Highland Entities and the HMIT Entities (Dkt. 4297), the Order Regarding Stay Requests (Dkt. 4333), and the Order Fixing Allowed Amount of Class 11 Interests (Dkt. 4401).

RE23

proceeding. *See Smith v. Revie* (*In re Moody*), 817 F.2d 365, 367–68 (5th Cir. 1987).

The Fifth Circuit "has long rejected adoption of a rigid rule that a bankruptcy case

can only be appealed as a single judicial unit at the end of the entire bankruptcy

proceeding." *In re Bartee*, 212 F.3d 277, 282 (5th Cir. 2000) (internal quotation

marks omitted). And this Court has previously held that a "final" order in a

bankruptcy case includes any order that "ends a discrete judicial unit in the larger

case." *Coastal Plains*, 338 B.R. at 713.

The Fifth Circuit has repeatedly recognized that because of the complexity of

bankruptcy cases and subsidiary proceedings and the large number of interested

parties, what constitutes a "final" judgment or order in the bankruptcy context is

more broad and flexible than in other types of proceedings. *See In re ASARCO, LLC*,

650 F.3d 593, 599–600 (5th Cir. 2011). "Our approach to determining whether an

order is . . . appealable in a bankruptcy case is flexible," and views "finality in

bankruptcy proceedings . . . in a practical, less technical light." *In re Kizzee–Jordan*,

626 F.3d 239, 242 (5th Cir. 2010). Instead, in the Fifth Circuit "[a]n appealed

bankruptcy order will be considered final if it constitutes either a final determination

of the rights of the parties to secure the relief they seek, or a final disposition of a

discrete dispute within the larger bankruptcy case." *Id.* at 242.

**B.  Standard for Interlocutory Appeals.**

District courts also have jurisdiction to hear appeals "from interlocutory

orders and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(3). Whether to grant leave for an interlocutory appeal is within the discretion of the district court. *In re O'Connor*, 258 F.3d 392, 399–400 (5th Cir. 2001). In making this determination, district courts in the Fifth Circuit typically analyze the standards set forth under 28 U.S.C. § 1292(b). *In re Searex Energy Servs.*, Civ. No. No. 09–5817, 2009 WL 2868243, at *1 (E.D. La. Sept. 1, 2009). Under this standard, (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Kelley v. Cypress Fin. Trading Co., L.P.*, 518 B.R. 373, 377 (N.D. Tex. 2014).

> **C.** **To the Extent Required, the Court Should Grant Leave to Appeal Because the Bankruptcy Court Has Already Issued Final Appealable Orders on Matters Intertwined with Recusal.**
>
> **1.** ***The Bankruptcy Court's approval of the Rule 9019 Settlement is a final appealable order.***

"A bankruptcy case need not be appealed as a single judicial unit at the end of the entire bankruptcy proceeding." *In re Tullius*, 500 F. App'x. 286, 289 (5th Cir. 2012). Instead, an appealable order "will be considered final if it constitutes either a final determination of the rights of the parties to secure the relief they seek, or a final disposition of a discrete dispute within the larger bankruptcy case." *Kizzee–*

*Jordan*, 626 F.3d at 242. Here, the Bankruptcy Court's approval of the proposed settlement (Bankr. Dkt. 4297) resolves pending litigation claims between two of the biggest players, Highland Capital and Hunter Mountain Investment Trust (HMIT), for amounts putatively valued in the hundreds of millions that dwarf the values of smaller claims belonging to Dugaboy and other creditors.[11] The approval of a settlement between the largest players disposing of the vast majority of the money is a significant step toward ending and winding up most of the core bankruptcy case. Fifth Circuit law is clear that such a settlement is close enough to a final judgment or final order for the whole case, which allows Dugaboy to pursue final appeals on intertwined matters such as the denial of recusal. *See, e.g.*, *In re Reagor-Dykes Motors, L.P.*, 613 B.R. 878, 887 (Bankr. N.D. Tex. 2020) ("An order approving a settlement under Rule 9019 has res judicata effect as a final order.").

The finality of a bankruptcy court's approval of a settlement under Rule 9019 also depends on whether the appellants will have another chance to object to the settlement agreement. *See Ades-Berg Investors v. Breeden (In re Bennett Funding Group)*, 439 F.3d 155, 160 (2d Cir. 2006). In this case, they did not. *See* Bankr. Dkt. 4297 (Bankruptcy Court's order). For these reasons, the Bankruptcy Court's approval of the Rule 9019 settlement creates sufficient finality for the case as a

---

[11] *See, e.g.*, Highland and HMIT's motion to approve the settlement, Bankr. Dkt. 4216 (May 19, 2025), at 4–5.

11

RE26

whole to allow Dugaboy to pursue the denial of recusal as a final appeal by right.

### 2.     *The Class 11 Order is a final order directly related to the recusal issue.*

The Bankruptcy Court's Order Fixing the Allowed Amount of Class 11 Interests (Bankr. Dkt. 4401) is also a final appealable order because it "fixed" the purported dollar value of Dugaboy's claims and closed off any avenue for possible further recoveries.  In other words, this was effectively a final judgment on the "discrete judicial unit" of Dugaboy's claims.  *See Coastal Plains*, 338 B.R. at 713. The Fifth Circuit has held that "as long as an order allowing a claim or priority [in a bankruptcy proceeding] effectively settles the amount due the creditor, the order is 'final.'" *In re Moody*, 849 F.2d 902, 903 (5th Cir. 1988) (citing *In re Saco Local Development Corp.*, 711 F.2d 441, 448 (1st Cir.1983)).  The Bankruptcy Court's Class 11 Order did precisely that, finding that "Class 11 [Dugaboy] is subordinated to Class 10 [HMIT] such that holders of Allowed Class 11 Interests cannot receive any distributions from the Claimant Trust until the holders of allowed Class 10 Interests are paid in full."  Bankr. Dkt. 4401 ¶ 8.

Both the 9019 Order and the Class 11 ruling meet the bankruptcy standard for final judgments, one because it resolved most of the remaining claims for the case as a whole, and the other because it specifically resolved Dugaboy's claims.  The recusal order, which is directly intertwined to both those appeals, can be pursued as a final appeal simultaneously with them.

**3.** **_Recusal is necessary based on the Court's continuing and escalating displays of bias._**

The facts of Chief Judge Jernigan's conduct at the September 18 hearing on the Class 11 motion (as described above) are so egregious as to underscore the need for recusal. Most garden-variety recusal motions do not feature a judge who (1) has written and continues to write novels featuring a villain who is a thinly disguised impersonation of a major litigant in the case before her, (2) seeks publicity and extra sales of those same novels by trading on the controversy over prior recusal motions—where further rulings will no doubt appear in future publicity campaigns; or (3) has threatened counsel with Rule 11 sanctions for preserving objections by repeating colorable and non-frivolous arguments made by prior counsel, in a transparent effort to chill and deter Mr. Dondero's chosen counsel from zealously advocating on his behalf. If this Court denies Dugaboy's Motion for Leave to Appeal, there will be no restraint on and no recourse from Judge Jernigan's continuing and escalating hostility toward Dugaboy and Mr. Dondero, with his counsel effectively muzzled by baseless threats of sanctions.

13

RE28

**D.** **Even Taken As An Interlocutory Appeal, Leave Should Be Granted to Appeal Under 28 U.S.C. §158(a)(3) and 28 U.S.C. §1292(b).**[12]

Dugaboy's appeal is final and not interlocutory for the reasons given above. But even if it were interlocutory, the Court should grant leave to appeal the recusal decision as an interlocutory order. As explained below, the issues presented in the underlying appeal meet the three criteria for granting leave to file an interlocutory appeal under 28 U.S.C. §1292(b).

**1.** *The issue of whether Judge Jernigan should have recused herself presents a controlling question of law.*

The first prerequisite for allowing an interlocutory appeal is that the primary issue in the underlying appeal presents a controlling question of law. "Whether an issue of law is controlling generally hinges upon its potential to have some impact on the course of the litigation." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006). Courts have reasoned that "[a]lthough the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' it is clear that a question of law is 'controlling' if reversal of the [order] would terminate the action." *Adhikari v. Daoud & Partners*, 2012 WL 718933, at *2 (S.D. Tex. Mar. 5, 2012). Chief Judge Jernigan's decision to deny the recusal motion will have a substantial impact on the remainder of the litigation to the extent that Dugaboy or Mr. Dondero

---

[12] By arguing that this appeal meets the standards for granting leave to file an interlocutory appeal, Dugaboy does not waive its primary argument that this appeal is a final appeal for which leave is not required.

participate in further proceedings before Chief Judge Jernigan, as they or their counsel will likely face the same biased treatment.  Any future rulings are at risk of being similarly tainted (or at least of being perceived as tainted).  By contrast, these problems will go away if Chief Judge Jernigan recuses herself and is replaced by a different judge.

Furthermore, if this Court determines at the merits stage that Chief Judge Jernigan should have recused herself from Dugaboy and Dondero-related matters when she began writing her novels, then many of her prior decisions (including the four orders that Dugaboy is appealing) may be vacated or reversed.  Thus, regardless of how this Court rules on the Motion for Leave, the issue of recusal remains central to the bankruptcy and its resolution and is therefore "controlling" for purposes of this analysis.

### 2. *A substantial ground for difference of opinion exists as to the issue of recusal.*

The second prerequisite for interlocutory appeal requires that the "controlling question of law" be one on which there is a "substantial ground for difference of opinion." *In re Cobalt Int'l Energy, Inc. Securities Litig.*, 2016 WL 949065, *4 (S.D. Tex. Mar. 14, 2016). A substantial ground for a difference of opinion exists here because this is a "novel and difficult question of first impression."  *Ryan*, 444 F. Supp. 2d at 723–24.  The Fifth Circuit specifically noted that the question whether a federal judge writing fiction novels about actual participants in her cases presents

grounds for recusal was without precedent. No. 24-10287, 2025 WL 1122466, at \*7

("To our knowledge, no court . . . has ever analyzed § 455(a) on facts like these.").

No court has had to decide on such unique facts before, showing a substantial ground

for a difference of opinion.[13]

### 3.   *An immediate appeal of the recusal issue will materially advance the ultimate termination of this litigation.*

Finally, the third prerequisite is whether allowing an interlocutory appeal will

materially advance the ultimate termination of the litigation. This is because the

"institutional efficiency of the federal court system is among the chief concerns

motivating § 1292(b)," and judicial economy is therefore at the very heart of the

analysis. *Ryan*, 444 F. Supp. 2d at 723.

An interlocutory appeal materially advances the ultimate termination of the

litigation when it conserves the time and resources of the courts and parties involved.

"An appeal materially advances the termination of litigation when it accelerates or

simplifies trial proceedings." *Panda Energy Intern., Inc. v. Factory Mut. Ins.,* 2011

WL 610016, at \*5 (N.D. Tex. Feb. 14, 2011). "Whether an immediate appeal may

---

[13]   A second possible "substantial ground for difference of opinion" exists because (as discussed above) there is a circuit split on the standard of review for a recusal denial on a direct appeal after final judgment. The Fifth Circuit says the standard is abuse of discretion, while other circuits apply de novo review. *Compare Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003) (abuse of discretion) *with, e.g., Grove Fresh Distributors, Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 639 (7th Cir. 2002) *and Amaro-Borilla v. Barr*, 792 F. App'x. 493, 494 (9th Cir. 2020) (mem. op.) (de novo).  As noted above, Dugaboy and Mr. Dondero have petitioned the U.S. Supreme Court for a writ of certiorari to resolve this circuit split.  *Dondero et al. v. Jernigan et al.,* No. 25-355 (pet. filed Sept. 22, 2025).

materially advance the ultimate termination of the litigation requires courts to assess whether interlocutory appeal will speed up or slow down the litigation." *Pemex Exploracion y Produccion v. BASF Corp.*, 2011 WL 11569219, at *12 (S.D. Tex. Feb 11, 2011).

If the present Motion is denied, the recusal decision will not face meaningful review under an ordinary appellate standard until the final resolution of the bankruptcy for all parties, which could be years away. Waiting until the ultimate conclusion of the underlying bankruptcy for all parties to allow Dugaboy's appeal to move forward would result in needless delay and wasteful expense for everyone involved.  By allowing appeal now and proceeding to briefing on the merits, this case can more quickly be put back on track to its final resolution.

### E.     Leave to Appeal Should Be Granted For Reasons of Practicality and Fairness.

If Dugaboy is not allowed to proceed with a timely appeal, it may lose the recusal issue by default.  If Dugaboy must wait years until the ultimate conclusion of the bankruptcy proceeding for all parties before this Court can even consider the merits of its arguments, Dugaboy risks losing its chance for meaningful relief to the encroachment of equitable mootness.  Under this doctrine, courts can dismiss appeals of bankruptcy decisions to favor the finality of reorganization plans. *See Matter of Texxon Petrochemicals LLC*, 67 F. 4th 259, 261 (5th Cir. 2023). Equitable mootness allows such dismissals when the debtor's reorganization has progressed to

RE32

the point that granting the requested relief would be impractical or inequitable to other parties. *In re CTLI, LLC*, 534 B.R. 895, 910 (Bankr. S.D. Tex. 2015). Even if effective relief could "conceivably be fashioned," courts may deny motions as equitably moot if implementing such relief would disrupt the reorganization process or harm the interests of other parties. *Id.*

As a result of this equitable Catch-22, Dugaboy is told on the one hand to delay its appeal until final judgment in the main bankruptcy proceeding, but once it gets there it risks being told that it is "too late" and equity now demands that it yield what it was owed to those who now have it. *See id.* The Fifth Circuit has already recognized that Dugaboy will be prejudiced if forced to wait for the conclusion of the entire bankruptcy proceeding. *See* No. 24-10287, 2025 WL 1122466, at *3 ("If a party could not challenge bias until appealable final judgment has issued, prejudice will have already worked its evil.").

Accordingly, if this Motion for Leave is not granted, Dugaboy may never get its day in court to appeal Judge Jernigan's denial of recusal under a regular appellate standard of review.

## CONCLUSION

For the reasons above, the Court should grant this Motion for Leave to Appeal because final orders have been entered in this bankruptcy as to Dugaboy's interests, and therefore Dugaboy may pursue the present appeal as a final appeal by right.

Alternatively, this Court should treat Dugaboy's Motion for Leave to Appeal as seeking an interlocutory appeal and grant it. An immediate appeal will materially advance the ultimate termination of this litigation and will provide meaningful and necessary guidance on novel and important issues on which substantial grounds for difference of opinion exist. All the requirements for interlocutory review are satisfied here, and Dugaboy's appeal on the recusal issue should be allowed to proceed on its merits.

Dated: October 10, 2025

Respectfully submitted,

**WINSTON & STRAWN LLP**

By: */s/ Geoffrey S. Harper*

Geoffrey S. Harper
Texas Bar No. 00795408
gharper@winston.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@winston.com
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)

Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
**CRAWFORD, WISHNEW & LANG PLLC**
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500

***Counsel for Appellant The Dugaboy
Investment Trust***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 10, 2025, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ Geoffrey S. Harper*
Geoffrey S. Harper

20

RE35

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1(b), the undersigned hereby certifies that on October 10, 2025 he conferred with John Morris, counsel for the Highland Appellees, and was informed that the Appellees are opposed to the relief requested in this Motion.

/s/ Geoffrey S. Harper
Geoffrey S. Harper

**CERTIFICATE OF COMPLIANCE**

1. This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 4,742 words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point type in footnotes).

/s/ Geoffrey S. Harper
Geoffrey S. Harper

RE36

# EXHIBIT A

RE37



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 2, 2025**

_____
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | **CASE NO. 19-34054-SGJ-11** |
| **L.P.,** | § | **(Chapter 11)** |
|    Reorganized Debtor. | § | |

## ORDER DENYING FIFTH MOTION TO RECUSE JUDGE
### [DE # 4372]

On August 15, 2025, another motion to recuse the presiding bankruptcy judge ("Presiding Judge") in the main bankruptcy case of Highland Capital Management, L.P. ("Highland" or "Reorganized Debtor")—now approximately six years since the bankruptcy case's filing in October 2019—was filed by James Dondero, NexPoint Advisors, L.P., NexPoint Asset Management, L.P., NexPoint Real Estate Partners, LLC, The Dugaboy Investment Trust, and the Get Good Trust.  These Movants have now filed five motions to recuse in the last four-and-a-half

1

RE38

years.

*First Motion to Recuse.* *See* DE ## 2060, 2061, & 2062 (this first one was filed approximately 17 months post-petition, and one month after the bankruptcy court confirmed Highland's Chapter 11 plan, and two business days before the bankruptcy court was scheduled to hear a motion of Highland to hold James Dondero in contempt of a TRO). The bankruptcy court denied this first motion, in an Order dated March 23, 2021, DE # 2083. Movants appealed this Order, and that appeal was dismissed by the District Court for lack of jurisdiction on February 9, 2022 (Case No. 3:21-cv-0879-K, 2022 WL 394760).

*Second Motion to Recuse.* *See* DE ## 3406, 3470, and 3471 (this second one was originally filed on July 20, 2022, approximately five months after the District Court dismissed the appeal of the Order denying the First Motion to Recuse, and six days after the Fifth Circuit ruled on the appeal of the Highland confirmation order, affirming in substantial part the Plan and then amended on August 25, 2022). After a status conference, on September 1, 2022, the bankruptcy court issued an order denying the Second Motion to Recuse for procedural defects. DE # 3479.

*Third Motion to Recuse.* *See* DE ## 3570 & 3571 (this third one was filed approximately six weeks later, on October 17, 2022; this was 10 days after the Fifth Circuit had issued, on October 7, 2022, a denial of a request for a stay in connection with its ruling on the Highland Plan and confirmation order; there also happened to be a petition for *writ of certiorari* pending at the U.S. Supreme Court regarding the Plan and confirmation order). More than 7,000 pages of material were submitted in connection with this Third Motion to Recuse. The bankruptcy court denied this

2

RE39

Third Motion to Recuse, in a 36-page Memorandum Opinion and Order, entered March 6, 2023. DE ## 3675 and 3676. Movants filed petitions for writ of mandamus at both the District Court and the Fifth Circuit, which were denied, first, in an unpublished decision at the District Court, DE # 25 (Case No. 3:23-cv-0726-S), and then again at the Fifth Circuit, on November 5, 2024 (No. 24-10287, 2024 WL 4678879), and then again on a motion for rehearing at the Fifth Circuit on April 16, 2025 (No. 24-10287, 2025 WL 1122466).

*Fourth Motion to Recuse.* Meanwhile, a fourth Motion to Recuse was filed on February 27, 2023, in a separate Adversary Proceeding #21-3076, DE ## 309 and 310, by one of the same Movants herein, that happened to be named as a defendant in that adversary proceeding. That adversary proceeding was thereafter abated, when parties represented that there might be enough funds to pay off creditors in full in the Highland bankruptcy case, without pursuing the adversary proceeding. Thus, that fourth Motion to Recuse was never ruled on. However, in ruling on the Third Motion to Recuse, the bankruptcy court addressed arguments made in the Fourth Motion to Recuse.

*Fifth Motion to Recuse.* The pending Motion to Recuse, DE # 4372, happened to be filed just weeks after the bankruptcy court approved a global settlement, DE # 4297, with Hunter Mountain Investment Trust, the former 99.5% owner of Highland, which one of the Movants (Dugaboy Trust) opposed, DE # 4230, and, with regard to which, Dugaboy unsuccessfully sought a stay pending appeal at the bankruptcy court, DE ## 4311, 4326, and 4334, and at the district court. Apparently, the Movants are now in contentious litigation with Hunter Mountain Investment Trust's manager, Mark Patrick, in numerous fora around the world. DE # 4326.

3

RE40

**RULING**

Two words: *res judicata*. The matter has been decided. The purpose of the *res judicata* doctrine is to avoid waste of judicial resources by preventing courts from hearing the same disputes multiple times and to protect litigants from being subjected to multiple lawsuits over the same matter. Nothing new has been raised by the latest motion to recuse. The court set forth the history/time table above to make two points: (a) that the matter has been decided; and (b) the series of motions to recuse always seem to be raised when adverse rulings have recently been rendered or perhaps seem imminent. In any event, this fifth Motion to Recuse has failed to present any objective manifestations of bias or prejudice. The court does not believe any of the assertions of the Movants rise to "the threshold standard of raising a doubt in the mind of a reasonable observer" as to the judge's impartiality. This court does not believe that any objective person would find that the Movants are the victims of improper judicial conduct rising to the extraordinary remedy of recusal. Wherefore,

**IT IS ORDERED** that the newest (fifth) Motion to Recuse, DE # 4372, be, and hereby is, **DENIED**.

### END OF ORDER ###

4

RE41

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| HIGHLAND CAPITAL | § | |
| MANAGEMENT LP, | § | |
| | § | |
| Debtor, | § | |
| | § | |
| _____ | § | |
| | § | |
| THE DUGABOY INVESTMENT | § | |
| TRUST, | § | |
| | § | |
| | § | |
| Plaintiff/Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-2579-B |
| | § | |
| HIGHLAND CAPITAL | § | |
| MANAGEMENT, L.P.; HIGHLAND | § | |
| CLAIMANT TRUST; HIGHLAND | § | |
| LITIGATION SUB-TRUST; HUNTER | § | |
| MOUNTAIN INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants/Appellees. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff/Appellant The Dugaboy Investment Trust ("Dugaboy")'s

Motion for Leave to Appeal (Doc. 17). For the following reasons, the Court **DENIES** the Motion

and **DISMISSES** the appeal for lack of jurisdiction.

## I.

## BACKGROUND

In this appeal, Dugaboy challenges the Bankruptcy Court's "Order Denying Fifth Motion to

-1-
RE42

Recuse Judge" (the "Recusal Denial"). *See* Doc. 1-1, Notice Appeal, 2. Dugaboy sought Chief U.S. Bankruptcy Judge Stacey G.C. Jernigan's recusal from the case based on the asserted "prejudicial circumstances created by [her] publication of two fiction novels with numerous similarities to her real cases and litigants, in particular a villain bearing close similarity to" Dugaboy's principal James Dondero. Doc. 17, Mot. Leave, 2. This recusal request was the latest in a series filed by Dugaboy and its affiliates beginning in March 2021. *See* Doc. 1-1, Ex. A, Recusal Denial, 1–3.

Of note, when Chief Judge Jernigan denied the movants' first motion to recuse, they appealed the denial to the United States District Court, which found that the appeal was interlocutory and dismissed the action for lack of jurisdiction. *See In re Highland Cap. Mgmt., L.P.*, No. 3:21-CV-0879-K, 2022 WL 394760, at *2–3 (N.D. Tex. Feb. 9, 2022) (Kinkeade, J.). Judge Kinkeade's ruling rested principally on the "well-established precedent in the Fifth Circuit . . . that no jurisdiction lies over an appeal of a motion to recuse until final judgment has been entered." *Id.* at *5.

The third motion to recuse resulted in a 36-page opinion by Chief Judge Jernigan, *see* Doc. 1-1, Ex. A, Recusal Denial, 2–3, which Dugaboy and its affiliates challenged by filing a petition for writ of mandamus that reached the Fifth Circuit. *See generally Dondero v. Jernigan*, No. 24-10287, 2025 WL 1122466 (5th Cir. Apr. 16, 2025) (per curiam), *petition for cert. filed*, No. 25-355 (U.S. Sept. 22, 2025). Examining the record before it, the Fifth Circuit found it "debatable" whether Chief Judge Jernigan's novels would cause a reasonable observer to question her impartiality in the proceedings. *Id.* at *7. On one hand, "[d]ue to the similarities between the characters in Chief Judge Jernigan's novel and the litigants currently before her court, a strong argument could be made that she had a

duty to recuse." *Id.* But, on the other hand, while the similarities "may raise cause for concern," they were "not close enough" to "clearly and indisputably" require recusal, as necessary for mandamus relief. *See id.*

After summarizing the movants' four previous unsuccessful attempts[1] to seek her recusal, Chief Judge Jernigan denied the fifth motion on two grounds. *See* Doc. 1-1, Ex. A, Recusal Denial, 4. First, invoking the principle of *res judicata*, Chief Judge Jernigan held that "[n]othing new ha[d] been raised by the latest motion" and observed a pattern of repeatedly seeking recusal in response to or in anticipation of adverse judgements. *See id.* Second, Chief Judge Jernigan ruled that the fifth motion "failed to present any objective manifestations of bias or prejudice" that would make a reasonable observer doubt her impartiality. *See id.* The Recusal Denial was issued on September 2, 2025. *Id.* at 1.

Dugaboy filed its Notice of Appeal of the Recusal Denial on September 16, 2025. Doc. 1-1, Notice Appeal, 4. The Notice of Appeal identifies no other judgment, order, or decree as the subject of the appeal. *See id.* at 2.

On September 18, 2025, two days after Dugaboy filed its Notice of Appeal, the Bankruptcy Court held a hearing on a "Motion to Fix the Allowed Amount of Dugaboy's Class 11 Interests." *See* Doc. 17, Mot. Leave, 3-4. Dugaboy asserts that Chief Judge Jernigan exhibited further bias against Dugaboy and its affiliates at that hearing. *See id.* at 4-6.

On September 22, 2025, the Bankruptcy Court issued an "Order Fixing Allowed Amount

---

[1] The second motion to recuse was denied for procedural defects, and the fourth motion to recuse was filed in an adversary proceeding and became moot upon abatement of the adversary proceeding. *See* Doc. 1-1, Ex. A, Recusal Denial, 2–3. Arguments made in the fourth motion to recuse were addressed in the Bankruptcy Court's ruling on the third motion. *See id.* at 3.

of Class 11 Interests" (the "Class 11 Order"). *See In re Highland Capital, L.P.*, No. 19-34054-sgj-11 (Bankr. N.D. Tex. Sept. 22, 2025), ECF No. 4401. Dugaboy has separately appealed the Class 11 Order, which is currently pending before Judge Lindsay. *See generally* Notice of Appeal, *The Dugaboy Investment Trust, et al. v. Highland Claimant Trust*, No. 3:25-cv-02724-L (N.D. Tex. Oct. 7, 2025), ECF No. 1-1.

Looking backwards, Dugaboy has two other active appeals of Bankruptcy Court orders entered prior to the Recusal Denial. *See* Doc. 17, Mot. Leave, 8 n.10. As relevant here, one appeal is from an order approving a settlement under Rule 9019 (the "9019 Order"), which was entered on June 30, 2025, and is currently on appeal before Judge Kinkeade. *See generally* Notice of Appeal, *The Dugaboy Investment Trust, et al. v. Highland Capital Management, L.P., et al.*, No. 3:25-cv-01876-K (N.D. Tex. July 17, 2025), ECF No. 1-1.

Dugaboy has also filed a petition for a writ of certiorari to the Supreme Court challenging the Fifth Circuit's standard of review for recusal decisions. *See* Petition for a Writ of Certiorari, No. 25-355 (U.S. Sept. 22, 2025).

Noting that an appeal of an order denying a motion to recuse is interlocutory, this Court ordered Dugaboy to file a Motion for Leave. *See* Doc. 2, Electronic Order. In its Motion, Dugaboy argued that leave was not required because the Recusal Denial was "intertwined" with other orders Dugaboy considers to be final, such that the Recusal Denial was also final. *See* Doc. 17, Mot. Leave, 10–12. Alternatively, Dugaboy sought leave to appeal the Recusal Denial as interlocutory. *See id.* at 14–18. Defendants/Appellees Highland Capital Management, L.P. and the Highland Claimant Trust filed a responsive brief arguing that the Court lacks jurisdiction over the appeal. *See generally*

Doc. 23, Resp. The Court considers its jurisdiction to hear this appeal below.

## II.

### LEGAL STANDARD

District courts have jurisdiction to hear appeals from a bankruptcy court's "final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) (citation omitted). "It is well-established law in the Fifth Circuit that a court's order denying a recusal motion is not a final order . . . ." *Highland*, 2022 WL 394760, at *2. "[T]his very clear, decades-old law" applies to "appeals taken from a bankruptcy court's order denying a motion to recuse." *Id.* (collecting cases).

Once the bankruptcy court renders a final decision, prior nonfinal orders "merge" into the final order and may be reviewed on appeal from the final order. *See* FED. R. BANKR. P. ("FRBP") 8003(a)(4); FRBP 8003(a)(4) advisory committee's note to 2023 amendment ("The general merger rule can be stated simply: an appeal from a final judgment or appealable order or decree permits review of all rulings that led up to the judgment, order, or decree."); *cf. Satanic Temple, Inc. v. Tex. Health & Hum. Serv. Comm'n*, 79 F.4th 512, 514–15 (5th Cir. 2023) (explaining merger principle with respect to appeals of district court judgments). On appeal from the final decision, an appellant "must raise all claims of error in a single appeal." *Ritzen*, 589 U.S. at 38 (citation omitted).

Where a notice of appeal identifies a nonfinal order but does not identify the final order into which it merged, the appeal should not be dismissed for failure to properly identify the appealable order "if the notice of appeal was filed *after* entry" of the appealable order. FRBP

-5-

RE46

8003(a)(7) (emphasis added). In such a situation, "a court should act as if the notice had properly identified the judgment or appealable order or decree." FRBP 8003(a)(7) advisory committee's note to 2023 amendment. The focus is therefore on the actual decision "from which the appeal is taken," rather than a fixation on form in the notice of appeal. *See id.*

For a nonfinal order appealed on its own, a district court has jurisdiction to hear the appeal if it grants leave. *See* § 158(a)(3). "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re O'Connor*, 258 F.3d 392, 399–400 (5th Cir. 2001) (citation omitted). To make that decision, district courts in the Fifth Circuit typically apply the standard in 28 U.S.C. § 1292(b), which governs interlocutory appeals generally. *See Highland*, 2022 WL 394760, at *3 (citation omitted). Granting leave to appeal under that standard requires satisfaction of three elements: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Id.* (citations omitted).

### III.

### ANALYSIS

The Court lacks jurisdiction over this appeal because (1) the appeal was not taken from a final order and (2) leave for an interlocutory appeal is not warranted.

A.    *Dugaboy's Appeal Is Not Taken from a Final Order.*

Acknowledging that the Recusal Denial is not on its own a final order, Dugaboy contends that two other Bankruptcy Court orders it has separately appealed are final, that the Recusal Denial

is "directly intertwined to both those appeals," and that this appeal therefore "can be pursued as a final appeal simultaneously with" the other appeals. *See* Doc. 17, Mot. Leave, 12. Dugaboy cites no caselaw to support its "intertwinement" theory, which appears to be a misstatement of the general merger rule that allows an appeal from a final order to include all previous nonfinal orders that led up to the final order. *See* FRBP 8003(a)(4).

Dugaboy did not identify any order besides the Recusal Denial in its Notice of Appeal. Doc. 1-1, Notice Appeal, 2. Nevertheless, this appeal should not be dismissed if, in substance, it was taken from a final order not identified in the Notice of Appeal. *See* FRBP 8003(a)(7). But because this appeal is not taken from any order besides the Recusal Denial, it is not taken from a final order appealable as of right.

Of the two orders that Dugaboy contends are final, only the Class 11 Order was entered after the Recusal Denial. The other—the 9019 Order—was entered before the Recusal Denial. The Recusal Denial could not have merged into the 9019 Order because a later order cannot "lead up to" an earlier order. *See* FRBP 8003(a)(4) advisory committee's note to 2023 amendment. In contrast, the Recusal Denial could theoretically have merged into the Class 11 Order, which was entered later.

Notwithstanding that theoretical possibility, this appeal was not taken from the Class 11 Order for two reasons. First, the Notice of Appeal was filed *before* entry of the Class 11 Order. Dismissal for failure to properly identify the appealable order is only inappropriate in circumstances where the notice of appeal was filed *after* entry of the appealable order. *See* FRBP 8003(a)(7). Second, Dugaboy has challenged the Class 11 Order in a separate appeal, making clear that the Class 11 Order is not the order "from which [this] appeal is taken." FRBP 8003(a)(7) advisory committee's

RE48

note to 2023 amendment. This appeal is therefore not taken from any purportedly final order.

The Court expresses no opinion as to whether the other orders identified in Dugaboy's briefing are final orders or whether the Recusal Denial merges with them. The Court only holds that the Recusal Denial is not itself final, and the substance of this appeal is not directed to any final order. Jurisdiction over this appeal therefore requires leave of court. *See* § 158(a)(3).

B.    *Leave for an Interlocutory Appeal Is Not Warranted.*

This interlocutory appeal does not involve (1) a controlling issue of law with (2) a substantial ground for difference of opinion, where (3) an immediate appeal would materially advance the ultimate termination of the litigation. *See Highland*, 2022 WL 394760, at *3 (citations omitted). Thus, the Court denies leave to appeal.

First, the appeal does not involve a controlling issue of law. A controlling issue of law "has the potential for substantially accelerating the disposition of the litigation" and "does not concern matters that are entrusted to the discretion of the bankruptcy court." *Id.* at *4 (citation modified). Under 28 U.S.C. § 455(a), federal judges have a duty to recuse themselves where their impartiality might reasonably be questioned. *See* FRBP 5004(a) ("A bankruptcy judge's disqualification is governed by 28 U.S.C. § 455."). In the Fifth Circuit, the decision on a recusal motion is committed to the judge's sound discretion. *See Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982) (citations omitted). When there is clear and undisputed bias, mandamus is "the appropriate means for relief." *See Dondero*, 2025 WL 1122466, at *3. But the decision on a closer call—as the Fifth Circuit said exists here, *id.* at *7—is within the judge's discretion. Therefore, because this Recusal Denial was "entrusted to the discretion of the bankruptcy court," it is not a controlling

RE49

issue of law. *See Highland*, 2022 WL 394760, at *4.

Second, there is no substantial ground for difference of opinion on the question involved. A substantial ground for difference of opinion exists if "novel and difficult questions of first impression are presented." *See Ryan v. Flowerserve Corp.*, 444 F. Supp. 2d 718, 723–24 (N.D. Tex. 2006) (Boyle, J.) (citation omitted). Dugaboy construes the question involved in this appeal as whether Chief Judge Jernigan should have recused herself based on her books, which the Fifth Circuit noted was a novel fact pattern. *See* Doc. 17, Mot. Leave, 15–16 (citing *Dondero*, 2025 WL 1122466, at *7). But the preliminary question here is whether to remove the decision to recuse from Chief Judge Jernigan's discretion. That question on the standard of review, as Dugaboy notes, is the subject of a circuit split, which Dugaboy seeks to resolve by appealing to the Supreme Court. *See id.* at 16 n.13. Yet, as the law currently stands in the Fifth Circuit, reviewing courts defer to a judge's decision not to recuse unless she is patently biased. *See Chitimacha*, 690 F.2d at 1166; *Dondero*, 2025 WL 1122466, at *3. Unless that standard of review changes, there is no substantial ground to differ with Chief Judge Jernigan's discretionary decision not to recuse.

Finally, this appeal would not materially advance the litigation's termination. Dugaboy argues that denying its Motion for Leave would mean the Recusal Denial "will not face meaningful review . . . until the final resolution of the bankruptcy for all parties." Doc. 17, Mot. Leave, 17. That argument is mistaken because Dugaboy need not wait until final resolution of the entire bankruptcy case. It need only wait until it can point to an order that is "final" within the bankruptcy context and to which Chief Judge Jernigan's decision not to recuse can be assigned as error. Dugaboy essentially makes such arguments in this appeal. Expressing no opinion on those arguments' merits, the Court rejects the notion that Dugaboy's attempt to separately appeal the Recusal Denial is

-9-

RE50

superior to challenging it as part of an appeal from a final order.

## IV.

## CONCLUSION

For the foregoing reasons, Dugaboy's Motion for Leave to Appeal (Doc. 17) is **DENIED**, and this appeal is **DISMISSED** for lack of jurisdiction. Dugaboy's Motion to Stay Proceedings (Doc. 22) is **DENIED AS MOOT**.

SO ORDERED.

SIGNED: December 3, 2025.

_____

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE

RE51

Geoffrey S. Harper
Texas Bar No. 00795408
gharper@winston.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)

*Counsel for Appellant The Dugaboy Investment Trust*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | **Case No. 19-34054-sgj** |
| | § | |
| **Reorganized Debtor.** | § | |
| | § | |
| | § | |
| **THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| **Appellant,** | § | |
| | § | **Civil Action No. 3:25-cv-02579-B** |
| **v.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P., et al.,** | § | |
| | § | |
| **Appellees.** | § | |

## NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Pursuant to 28 U.S.C. § 158(d) and Federal Rule of Appellate Procedure 6(b), the Dugaboy

Investment Trust ("Appellant"), creditor and party in interest in the above-captioned bankruptcy

case and appellant in the above-captioned bankruptcy appeal, hereby appeals to the United States

Court of Appeals for the Fifth Circuit from the Memorandum Opinion and Order of the United States District Court for the Northern District of Texas entered in this case on December 3, 2025 at Dkt. 25 (the "Order"), which denied Appellant's Motion for Leave to Appeal (Dkt. 17) and dismissed this case. A true and correct copy of the Order is attached hereto as Exhibit A.

The names of the parties to the Order appealed from, and the names and addresses of their respective attorneys, are as follows:

**<u>Appellant</u>: The Dugaboy Investment Trust**

Attorneys:

> Geoffrey S. Harper
> Texas Bar No. 00795408
> gharper@winston.com
> John Michael Gaddis
> Texas Bar No. 24069747
> mgaddis@winston.com
> WINSTON & STRAWN LLP
> 2121 N. Pearl Street, Suite 900
> Dallas, TX 75201
> (214) 453-6500
> (214) 453-6400 (fax)

**<u>Debtor and Appellee</u>: Highland Capital Management, L.P.**

Attorneys:

> Jeffrey N. Pomerantz
> John A. Morris
> Gregory V. Demo
> Hayley R. Winograd
> PACHULSKI STANG ZIEHL & JONES LLP
> 10100 Santa Monica Blvd., 13th Floor
> Los Angeles, CA 90067
> T: (310) 277-6910
> F: (212) 561-7777

and

RE53

Melissa S. Hayward
Zachery Z. Annable
HAYWARD & ASSOCIATES PLLC
10501 N. Central Expy., Ste. 106
Dallas, TX 75231
T: (972) 755-7100
F: (972) 755-7110

**Appellee: Highland Claimant Trust**

Attorneys:

Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Hayley R. Winograd
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
T: (310) 277-6910
F: (212) 561-7777

and

Melissa S. Hayward
Zachery Z. Annable
HAYWARD & ASSOCIATES PLLC
10501 N. Central Expy., Ste. 106
Dallas, TX 75231
T: (972) 755-7100
F: (972) 755-7110

3

RE54

Dated: January 2, 2026

Respectfully submitted,

**WINSTON & STRAWN LLP**

By: */s/ Geoffrey S. Harper*

Geoffrey S. Harper
Texas Bar No. 00795408
gharper@winston.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@winston.com
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)

***Counsel for Appellant The Dugaboy Investment Trust***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 2, 2026, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ Geoffrey S. Harper*
Geoffrey S. Harper

4

RE55

# EXHIBIT A

Case 3:25-cv-02579-B    Document 251    Filed 01/03/26    Page 1 of 11    PageID 567

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| | § | |
| HIGHLAND CAPITAL | § | |
| MANAGEMENT LP, | § | |
| | § | |
| Debtor, | § | |
| | § | |
| | § | |
| _____ | § | |
| | § | |
| THE DUGABOY INVESTMENT | § | |
| TRUST, | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff/Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-2579-B |
| | § | |
| HIGHLAND CAPITAL | § | |
| MANAGEMENT, L.P.; HIGHLAND | § | |
| CLAIMANT TRUST; HIGHLAND | § | |
| LITIGATION SUB-TRUST; HUNTER | § | |
| MOUNTAIN INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants/Appellees. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff/Appellant The Dugaboy Investment Trust ("Dugaboy")'s

Motion for Leave to Appeal (Doc. 17). For the following reasons, the Court **DENIES** the Motion

and **DISMISSES** the appeal for lack of jurisdiction.

## I.

## BACKGROUND

In this appeal, Dugaboy challenges the Bankruptcy Court's "Order Denying Fifth Motion to

Recuse Judge" (the "Recusal Denial"). *See* Doc. 1-1, Notice Appeal, 2. Dugaboy sought Chief U.S.

Bankruptcy Judge Stacey G.C. Jernigan's recusal from the case based on the asserted "prejudicial

circumstances created by [her] publication of two fiction novels with numerous similarities to her

real cases and litigants, in particular a villain bearing close similarity to" Dugaboy's principal James

Dondero. Doc. 17, Mot. Leave, 2. This recusal request was the latest in a series filed by Dugaboy

and its affiliates beginning in March 2021. *See* Doc. 1-1, Ex. A, Recusal Denial, 1–3.

Of note, when Chief Judge Jernigan denied the movants' first motion to recuse, they

appealed the denial to the United States District Court, which found that the appeal was

interlocutory and dismissed the action for lack of jurisdiction. *See In re Highland Cap. Mgmt., L.P.*,

No. 3:21-CV-0879-K, 2022 WL 394760, at *2–3 (N.D. Tex. Feb. 9, 2022) (Kinkeade, J.). Judge

Kinkeade's ruling rested principally on the "well-established precedent in the Fifth Circuit . . . that

no jurisdiction lies over an appeal of a motion to recuse until final judgment has been entered." *Id.*

at *5.

The third motion to recuse resulted in a 36-page opinion by Chief Judge Jernigan, *see* Doc.

1-1, Ex. A, Recusal Denial, 2–3, which Dugaboy and its affiliates challenged by filing a petition for

writ of mandamus that reached the Fifth Circuit. *See generally Dondero v. Jernigan*, No. 24-10287, 2025

WL 1122466 (5th Cir. Apr. 16, 2025) (per curiam), *petition for cert. filed*, No. 25-355 (U.S. Sept. 22,

2025). Examining the record before it, the Fifth Circuit found it "debatable" whether Chief Judge

Jernigan's novels would cause a reasonable observer to question her impartiality in the proceedings.

*Id.* at *7. On one hand, "[d]ue to the similarities between the characters in Chief Judge Jernigan's

novel and the litigants currently before her court, a strong argument could be made that she had a

-2-

RE58

duty to recuse." *Id.* But, on the other hand, while the similarities "may raise cause for concern," they were "not close enough" to "clearly and indisputably" require recusal, as necessary for mandamus relief. *See id.*

After summarizing the movants' four previous unsuccessful attempts[1] to seek her recusal, Chief Judge Jernigan denied the fifth motion on two grounds. *See* Doc. 1-1, Ex. A, Recusal Denial, 4. First, invoking the principle of *res judicata*, Chief Judge Jernigan held that "[n]othing new ha[d] been raised by the latest motion" and observed a pattern of repeatedly seeking recusal in response to or in anticipation of adverse judgements. *See id.* Second, Chief Judge Jernigan ruled that the fifth motion "failed to present any objective manifestations of bias or prejudice" that would make a reasonable observer doubt her impartiality. *See id.* The Recusal Denial was issued on September 2, 2025. *Id.* at 1.

Dugaboy filed its Notice of Appeal of the Recusal Denial on September 16, 2025. Doc. 1-1, Notice Appeal, 4. The Notice of Appeal identifies no other judgment, order, or decree as the subject of the appeal. *See id.* at 2.

On September 18, 2025, two days after Dugaboy filed its Notice of Appeal, the Bankruptcy Court held a hearing on a "Motion to Fix the Allowed Amount of Dugaboy's Class 11 Interests." *See* Doc. 17, Mot. Leave, 3-4. Dugaboy asserts that Chief Judge Jernigan exhibited further bias against Dugaboy and its affiliates at that hearing. *See id.* at 4-6.

On September 22, 2025, the Bankruptcy Court issued an "Order Fixing Allowed Amount

---

[1] The second motion to recuse was denied for procedural defects, and the fourth motion to recuse was filed in an adversary proceeding and became moot upon abatement of the adversary proceeding. *See* Doc. 1-1, Ex. A, Recusal Denial, 2-3. Arguments made in the fourth motion to recuse were addressed in the Bankruptcy Court's ruling on the third motion. *See id.* at 3.

RE59

of Class 11 Interests" (the "Class 11 Order"). *See In re Highland Capital, L.P.*, No. 19-34054-sgj-11 (Bankr. N.D. Tex. Sept. 22, 2025), ECF No. 4401. Dugaboy has separately appealed the Class 11 Order, which is currently pending before Judge Lindsay. *See generally* Notice of Appeal, *The Dugaboy Investment Trust, et al. v. Highland Claimant Trust*, No. 3:25-cv-02724-L (N.D. Tex. Oct. 7, 2025), ECF No. 1-1.

Looking backwards, Dugaboy has two other active appeals of Bankruptcy Court orders entered prior to the Recusal Denial. *See* Doc. 17, Mot. Leave, 8 n.10. As relevant here, one appeal is from an order approving a settlement under Rule 9019 (the "9019 Order"), which was entered on June 30, 2025, and is currently on appeal before Judge Kinkeade. *See generally* Notice of Appeal, *The Dugaboy Investment Trust, et al. v. Highland Capital Management, L.P., et al.*, No. 3:25-cv-01876-K (N.D. Tex. July 17, 2025), ECF No. 1-1.

Dugaboy has also filed a petition for a writ of certiorari to the Supreme Court challenging the Fifth Circuit's standard of review for recusal decisions. *See* Petition for a Writ of Certiorari, No. 25-355 (U.S. Sept. 22, 2025).

Noting that an appeal of an order denying a motion to recuse is interlocutory, this Court ordered Dugaboy to file a Motion for Leave. *See* Doc. 2, Electronic Order. In its Motion, Dugaboy argued that leave was not required because the Recusal Denial was "intertwined" with other orders Dugaboy considers to be final, such that the Recusal Denial was also final. *See* Doc. 17, Mot. Leave, 10–12. Alternatively, Dugaboy sought leave to appeal the Recusal Denial as interlocutory. *See id.* at 14–18. Defendants/Appellees Highland Capital Management, L.P. and the Highland Claimant Trust filed a responsive brief arguing that the Court lacks jurisdiction over the appeal. *See generally*

Doc. 23, Resp. The Court considers its jurisdiction to hear this appeal below.

## II.

## LEGAL STANDARD

District courts have jurisdiction to hear appeals from a bankruptcy court's "final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) (citation omitted). "It is well-established law in the Fifth Circuit that a court's order denying a recusal motion is not a final order . . . ." *Highland*, 2022 WL 394760, at *2. "[T]his very clear, decades-old law" applies to "appeals taken from a bankruptcy court's order denying a motion to recuse." *Id.* (collecting cases).

Once the bankruptcy court renders a final decision, prior nonfinal orders "merge" into the final order and may be reviewed on appeal from the final order. *See* FED. R. BANKR. P. ("FRBP") 8003(a)(4); FRBP 8003(a)(4) advisory committee's note to 2023 amendment ("The general merger rule can be stated simply: an appeal from a final judgment or appealable order or decree permits review of all rulings that led up to the judgment, order, or decree."); *cf. Satanic Temple, Inc. v. Tex. Health & Hum. Serv. Comm'n*, 79 F.4th 512, 514–15 (5th Cir. 2023) (explaining merger principle with respect to appeals of district court judgments). On appeal from the final decision, an appellant "must raise all claims of error in a single appeal." *Ritzen*, 589 U.S. at 38 (citation omitted).

Where a notice of appeal identifies a nonfinal order but does not identify the final order into which it merged, the appeal should not be dismissed for failure to properly identify the appealable order "if the notice of appeal was filed *after* entry" of the appealable order. FRBP

-5-

RE61

8003(a)(7) (emphasis added). In such a situation, "a court should act as if the notice had properly identified the judgment or appealable order or decree." FRBP 8003(a)(7) advisory committee's note to 2023 amendment. The focus is therefore on the actual decision "from which the appeal is taken," rather than a fixation on form in the notice of appeal. *See id.*

For a nonfinal order appealed on its own, a district court has jurisdiction to hear the appeal if it grants leave. *See* § 158(a)(3). "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re O'Connor*, 258 F.3d 392, 399–400 (5th Cir. 2001) (citation omitted). To make that decision, district courts in the Fifth Circuit typically apply the standard in 28 U.S.C. § 1292(b), which governs interlocutory appeals generally. *See Highland*, 2022 WL 394760, at *3 (citation omitted). Granting leave to appeal under that standard requires satisfaction of three elements: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Id.* (citations omitted).

### III.

### ANALYSIS

The Court lacks jurisdiction over this appeal because (1) the appeal was not taken from a final order and (2) leave for an interlocutory appeal is not warranted.

A.    *Dugaboy's Appeal Is Not Taken from a Final Order.*

Acknowledging that the Recusal Denial is not on its own a final order, Dugaboy contends that two other Bankruptcy Court orders it has separately appealed are final, that the Recusal Denial

-6-

RE62

is "directly intertwined to both those appeals," and that this appeal therefore "can be pursued as a final appeal simultaneously with" the other appeals. *See* Doc. 17, Mot. Leave, 12. Dugaboy cites no caselaw to support its "intertwinement" theory, which appears to be a misstatement of the general merger rule that allows an appeal from a final order to include all previous nonfinal orders that led up to the final order. *See* FRBP 8003(a)(4).

Dugaboy did not identify any order besides the Recusal Denial in its Notice of Appeal. Doc. 1-1, Notice Appeal, 2. Nevertheless, this appeal should not be dismissed if, in substance, it was taken from a final order not identified in the Notice of Appeal. *See* FRBP 8003(a)(7). But because this appeal is not taken from any order besides the Recusal Denial, it is not taken from a final order appealable as of right.

Of the two orders that Dugaboy contends are final, only the Class 11 Order was entered after the Recusal Denial. The other—the 9019 Order—was entered before the Recusal Denial. The Recusal Denial could not have merged into the 9019 Order because a later order cannot "lead up to" an earlier order. *See* FRBP 8003(a)(4) advisory committee's note to 2023 amendment. In contrast, the Recusal Denial could theoretically have merged into the Class 11 Order, which was entered later.

Notwithstanding that theoretical possibility, this appeal was not taken from the Class 11 Order for two reasons. First, the Notice of Appeal was filed *before* entry of the Class 11 Order. Dismissal for failure to properly identify the appealable order is only inappropriate in circumstances where the notice of appeal was filed *after* entry of the appealable order. *See* FRBP 8003(a)(7). Second, Dugaboy has challenged the Class 11 Order in a separate appeal, making clear that the Class 11 Order is not the order "from which [this] appeal is taken." FRBP 8003(a)(7) advisory committee's

note to 2023 amendment. This appeal is therefore not taken from any purportedly final order.

The Court expresses no opinion as to whether the other orders identified in Dugaboy's briefing are final orders or whether the Recusal Denial merges with them. The Court only holds that the Recusal Denial is not itself final, and the substance of this appeal is not directed to any final order. Jurisdiction over this appeal therefore requires leave of court. *See* § 158(a)(3).

B.      *Leave for an Interlocutory Appeal Is Not Warranted.*

This interlocutory appeal does not involve (1) a controlling issue of law with (2) a substantial ground for difference of opinion, where (3) an immediate appeal would materially advance the ultimate termination of the litigation. *See Highland*, 2022 WL 394760, at *3 (citations omitted). Thus, the Court denies leave to appeal.

First, the appeal does not involve a controlling issue of law. A controlling issue of law "has the potential for substantially accelerating the disposition of the litigation" and "does not concern matters that are entrusted to the discretion of the bankruptcy court." *Id.* at *4 (citation modified). Under 28 U.S.C. § 455(a), federal judges have a duty to recuse themselves where their impartiality might reasonably be questioned. *See* FRBP 5004(a) ("A bankruptcy judge's disqualification is governed by 28 U.S.C. § 455."). In the Fifth Circuit, the decision on a recusal motion is committed to the judge's sound discretion. *See Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982) (citations omitted). When there is clear and undisputed bias, mandamus is "the appropriate means for relief." *See Dondero*, 2025 WL 1122466, at *3. But the decision on a closer call—as the Fifth Circuit said exists here, *id.* at *7—is within the judge's discretion. Therefore, because this Recusal Denial was "entrusted to the discretion of the bankruptcy court," it is not a controlling

RE64

issue of law. *See Highland*, 2022 WL 394760, at *4.

Second, there is no substantial ground for difference of opinion on the question involved. A substantial ground for difference of opinion exists if "novel and difficult questions of first impression are presented." *See Ryan v. Flowerserve Corp.*, 444 F. Supp. 2d 718, 723–24 (N.D. Tex. 2006) (Boyle, J.) (citation omitted). Dugaboy construes the question involved in this appeal as whether Chief Judge Jernigan should have recused herself based on her books, which the Fifth Circuit noted was a novel fact pattern. *See* Doc. 17, Mot. Leave, 15–16 (citing *Dondero*, 2025 WL 1122466, at *7). But the preliminary question here is whether to remove the decision to recuse from Chief Judge Jernigan's discretion. That question on the standard of review, as Dugaboy notes, is the subject of a circuit split, which Dugaboy seeks to resolve by appealing to the Supreme Court. *See id.* at 16 n.13. Yet, as the law currently stands in the Fifth Circuit, reviewing courts defer to a judge's decision not to recuse unless she is patently biased. *See Chitimacha*, 690 F.2d at 1166; *Dondero*, 2025 WL 1122466, at *3. Unless that standard of review changes, there is no substantial ground to differ with Chief Judge Jernigan's discretionary decision not to recuse.

Finally, this appeal would not materially advance the litigation's termination. Dugaboy argues that denying its Motion for Leave would mean the Recusal Denial "will not face meaningful review . . . until the final resolution of the bankruptcy for all parties." Doc. 17, Mot. Leave, 17. That argument is mistaken because Dugaboy need not wait until final resolution of the entire bankruptcy case. It need only wait until it can point to an order that is "final" within the bankruptcy context and to which Chief Judge Jernigan's decision not to recuse can be assigned as error. Dugaboy essentially makes such arguments in this appeal. Expressing no opinion on those arguments' merits, the Court rejects the notion that Dugaboy's attempt to separately appeal the Recusal Denial is

-9-

RE65

Case 3:25-cv-02579-B    Document 251    Filed 12/03/25    Page 10 of 11    PageID 5576

superior to challenging it as part of an appeal from a final order.

## IV.

## CONCLUSION

For the foregoing reasons, Dugaboy's Motion for Leave to Appeal (Doc. 17) is **DENIED,**

and this appeal is **DISMISSED** for lack of jurisdiction. Dugaboy's Motion to Stay Proceedings (Doc.

22) is **DENIED AS MOOT.**

      **SO ORDERED.**

      **SIGNED: December 3, 2025.**

_____

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE

RE66