Case No. 26-10012

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

In the Matter of: Highland Capital Management, L.P.,

Debtor

Dugaboy Investment Trust,

Appellant

v.

Highland Capital Management, L.P. and Highland Claimant Trust,

Appellees

Appeal from the United States District Court
Northern District of Texas
No. 3:25-cv-02579-B

## OPPOSED MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO PERMIT APPELLANT TO FILE OUT-OF-TIME BRIEF

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Jordan A. Kroop
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
(310) 277-6910

HAYWARD PLLC
Zachery Z. Annable
(Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
(972) 755-7100

*Counsel for Appellees*

4930-5161-2594.6 36027.003

Appellees Highland Capital Management, L.P. and the Highland Claimant Trust (together, "**Highland**") respectfully move this Court to reconsider its granting, on June 2, 2026 [Doc 63], the motion by Appellant The Dugaboy Investment Trust ("**Dugaboy**") for leave to file its opening brief out of time [Doc 59] (the "**Out-Of-Time Motion**"). Highland does not bring this motion lightly. Highland does so because Dugaboy's Out-Of-Time Motion contained significant errors, omissions, and misleading statements. Highland was given no opportunity to respond to the Out-Of-Time Motion, even though it was conspicuously filed as an opposed motion.[1] Dugaboy omitted that (1) the Court already denied [Doc 57] Dugaboy's *third* request for an extension of time [Doc 52] (the "**Extension Motion**") only days earlier and (2) Highland moved this Court only two days earlier for an order dismissing this appeal [Doc 58] (the "**Motion to Dismiss**," which remains pending) in light of Dugaboy's failure to file its opening brief by the Court-ordered deadline.

---

[1] Highland has suffered this fate before. This is the third time the Court has granted an opposed motion by Dugaboy within hours of its filing without giving Highland any opportunity to respond. Obviously, the Court may handle its docket as it sees fit and enforce its own rules and the Federal Rules of Appellate Procedure as it deems appropriate, but the Court should not begrudge Highland's feeling that it has been prejudiced by Dugaboy's uncanny ability to win procedural advantages without the Court's getting the benefit of Highland's opposition.

Given the peculiar procedural events in this appeal over the last week, Highland is concerned that the Court—and, specifically, the honorable Clerk's office—may have been misled into granting the Out-Of-Time Motion because Dugaboy omitted any mention of the fact that the Court had just denied Dugaboy's third request for an extension of time to file its opening brief and that the Motion to Dismiss was pending. Dugaboy also utterly ignored this Court's rules. First, Dugaboy failed to comply with 5th Cir. R. 31.4.1(a), which requires a request for an extension to:

> be made as soon as it is reasonably possible to foresee the need for the extension. The clerk must receive a request for extension at least 7 days before the due date, unless the movant demonstrates, in detail, that the facts that form the basis of the motion either did not exist earlier or were not and with due diligence could not have been known earlier.

The Out-Of-Time Motion did not satisfy any of these requirements and, in fact, cited only a trial regularly scheduled for early May, making that sole basis for an extension completely foreseeable well more than seven days before Dugaboy filed its Out-Of-Time Motion.

Second, Dugaboy violated 5th Cir. R. 31.4.2, which expressly prohibits a movant from using "generalities, such as … that counsel is too busy" because that is "not sufficient" as a justification for an extension. Yet this is exactly what

Dugaboy's counsel misleadingly alleged in the Out-Of-Time Motion—that they were too busy with the bankruptcy court trial.

Third, Dugaboy failed to comply with 5th Cir. R. 31.4.2(a), which requires a movant to (1) describe "any effort taken to defer the other litigation," (2) explain "why other litigation should receive priority over the case at hand," and (3) "why other associated counsel cannot prepare the brief …." Dugaboy did not even attempt to satisfy any of these three requirements. In fact, as described further below, Dugaboy's lead counsel, Mr. Mitchell, was not involved in the bankruptcy court trial in the least and should have been available to prepare Dugaboy's opening brief.

Dugaboy deceived the Court into issuing two successive orders that are difficult to reconcile: denying a request to extend the time to file the opening brief then granting a request to allow the late filing of that same brief a couple of days later while the Motion to Dismiss was already pending. Dugaboy's Extension Motion and its Out-Of-Time Motion are replete with misleading allegations and falsehoods. Among the lowlights:

- In the Extension Motion, Dugaboy cites "extraordinary circumstances" for its extension request, specifically "Dugaboy's counsel's engagement in trial before Judge Brad W. Odell in the underlying bankruptcy …

related to Dugaboy's Motion to Vacate …."[2] That is false. Dugaboy's intentionally vague reference to "counsel" misleads this Court because Mr. Mitchell, whom Dugaboy identifies (and whom this Court has listed) as "lead counsel," was *not* engaged in that trial. In fact, he did not participate in *any* aspect of the trial or any of the related pre-trial proceedings. Whatever may have been distracting Mr. Mitchell from preparing Dugaboy's opening brief—after two lengthy extensions he'd already received from this Court—it wasn't the trial before the bankruptcy court.[3]

- Mr. Edney, of the Morgan Lewis firm and Mr. Mitchell's co-counsel in this appeal, led Dugaboy's participation in Judge Odell's courtroom. But even if Mr. Edney were continuously indisposed for months on end, Mr. Edney is not the only lawyer at Morgan Lewis capable of churning out yet another brief regarding recusal containing the same mischaracterizations as the many others Dugaboy has filed in this Court already. Mr. Edney's firm has over 2,000 lawyers in the United States alone. Nearly 1,000 of those lawyers are litigators.[4] When

---

[2] Doc 52 at 2.

[3] Notably, Mr. Mitchell is more than familiar with the recusal issues Dugaboy continues to press. He was Dugaboy's lead counsel in seeking certiorari and then reconsideration of the Supreme Court's denial of certiorari pertaining to an earlier decision of this Court rejecting Dugaboy's attempt to recuse Judge Jernigan. He is hardly a newcomer to this matter.

[4] Mr. Edney's co-lead counsel in the bankruptcy trial was Geoffrey Harper of King & Spalding LLP, another international law firm with more than 1,000 lawyers.

court-ordered deadlines loom, huge international law firms find a way to meet them.

- Both the Extension Motion and the Out-Of-Time Motion imply that the trial before Judge Odell lasted 11 days: "The evidentiary hearing … was initially set for May 11, 2026 and continued intermittently until the parties presented closing arguments on May 21, 2026."[5] The implication is untrue. The trial began on May 11 and continued the following day. On May 12, Dugaboy examined its last witness in its case-in-chief, and the Bankruptcy Court continued the trial for one more day (May 21, a date the parties agreed to) to hear Highland's case-in-chief and closing argument. Thus, Dugaboy's co-counsel knew two weeks before its opening brief was due that the trial would be continued for a single day on May 21—providing ample time to seek another extension in compliance with 5th Cir. R. 31.4.1. But rather than timely seek an extension or meet the Court-imposed deadline, Dugaboy and its co-counsel chose to violate the Court's rules and file a third request for extension on the afternoon that the brief was due and, when their request was rejected, chose to conceal

---

[5] Doc 59 at 2; Doc 52 at 2 ("The proceedings continued intermittently until parties made closing arguments on May 21, 2026").

their failure with guileful language implying they were both involved in a multi-week trial.

- The Extension Motion also mischaracterizes the proceedings in Judge Odell's court by saying that they are "proceedings underlying this appeal." Another falsehood. Those proceedings concern Dugaboy's attempt to overturn an order granting a motion approving a settlement under Bankruptcy Rule 9019—an order entered after an evidentiary hearing during which Dugaboy never moved for recusal or suggested that the Court said or did anything that evinced bias.

- The Extension Request also attempts to mislead the Court into believing that Highland's counsel refused to respond to Dugaboy's request to consent to the extension. In reality, Dugaboy's counsel sent Highland's counsel the request by email at 1:36 p.m. Central Time on May 26, 2026, and filed the Extension Request at 2:53 p.m. Central Time the same day. Mr. Edney waited a whole 77 minutes.

Dugaboy is duplicitous and desperate. This Court has already rejected *four* prior attempts by Dugaboy and James Dondero to have Chief Bankruptcy

Judge Stacey Jernigan recused.[6] This appeal represents the *fifth*; the District Court for the Northern District of Texas currently has before it an appeal involving the *sixth* such attempt, and the proceedings before Judge Odell in the Bankruptcy Court last month can fairly be considered the *seventh* such attempt. Dondero and his captive entities like Dugaboy cannot ever accept any adverse ruling. There must be an end to these repetitive and baseless recusal motions and appeals.

With the record clear, this Court should reconsider its granting of the Out-Of-Time Motion, deny it, and then grant the Motion to Dismiss (which Fifth Circuit Rule 43.3.2 mandates) for Dugaboy's failure to timely file its opening brief and otherwise comply with this Court's orders and rules.

---

[6] This includes ethics proceedings commenced by Dondero acolytes that Chief Judge Elrod dispensed with in *In re Compl. Of Jud. Misconduct Under The Jud. Improvements Act Of 2002*, No. 05-26-90042 (5th Cir. Dec. 29, 2025). Dugaboy lied about what Chief Judge Elrod said in a filing in this very appeal. Dugaboy cited in its second extension request "the recent recusal of Chief Judge Jernigan in the interim due to a resolution of proceedings before the Judicial Council for this Court." [Doc 43 at 3.] That is false. The Judicial Council Opinion made no findings, did not order recusal, and did not impose any "corrective action." Chief Judge Elrod stated that her disposition of the judicial misconduct complaints "should not be interpreted as an opinion or reflection on the merits of judge's prior decision not to recuse, which has been addressed by the Fifth Circuit," or "the validity of any decision, ruling, or order that she has issued in any judicial proceeding." Dugaboy has also lied to Judge Odell about what this Court's Judicial Counsel did and did not say. This pattern of unrepentant dishonesty should shock this Court's conscience, not be rewarded with accommodation after accommodation.

June 5, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Jordan A. Kroop (AZ Bar No. 018825)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Email:  jpomerantz@pszjlaw.com
　　　  jmorris@pszjlaw.com
　　　  gdemo@pszjlaw.com
　　　  jkroop@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*

Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Email:  ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P., and the Highland Claimant Trust*

## CERTIFICATE OF CONFERENCE

I certify that, on June 5, 2026, counsel for Appellees, John A. Morris, corresponded with counsel for Appellant, Michael Edney and Jonathan Mitchell, regarding the relief requested in the foregoing motion. As of the filing of the motion, counsel for Appellant had not responded to Mr. Morris' inquiry to indicate whether or not Appellant is opposed to the relief requested in the motion. Accordingly, it is assumed that the relief requested in the motion is **OPPOSED**.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## CERTIFICATE OF COMPLIANCE WITH FRAP 27(d)(2)(A)

1. This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, including footnotes and excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,655 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced serif typeface (Century Schoolbook) at 14-point type (12-point for footnotes).

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## CERTIFICATE OF SERVICE

I certify that, on June 5, 2026, a copy of the foregoing motion was served electronically on all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

*/s/ Zachery Z. Annable*
Zachery Z. Annable