Case No. 26-10012

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

*The Dugaboy Investment Trust,*
*Appellant,*

*v.*

*Highland Capital Management, L.P.,*
*Appellee.*

## APPELLANT'S OPPOSITION TO APPELLEE'S MOTION TO DISMISS

Appeal from the United States District Court for the
Northern District of Texas, Dallas Division, the Honorable Jane J. Boyle
Case No. 3:25-cv-02579-B

Michael J. Edney
MORGAN LEWIS BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

Jonathan F. Mitchell
MITCHELL LAW PLLC
111 Congress Avenue, Suite 400
Austin, TX 78701
Telephone: (512) 686-3940
Facsimile: (512) 686-3941

**ATTORNEYS FOR APPELLANT
THE DUGABOY INVESTMENT TRUST**

**ARGUMENT**

Highland seeks dismissal solely on the ground that Dugaboy failed to file its opening brief by the previous deadline of May 26, 2026. Dkt. 58 at 2. Highland contends that dismissal is mandatory under Fifth Circuit Rule 42.3.2, which requires dismissal when an appellant "fails to file a brief." *Id.* at 4; *see also* Fifth Circuit Rule 42.3.2 ("In all other appeals when appellant fails to order the transcript, fails to file a brief, or otherwise fails to comply with the rules of the court, the clerk must dismiss the appeal for want of prosecution.").

Highland's argument has been overtaken by events. On June 1, 2026, three business days after the Court denied Appellant's motion for extension of time and four business days after the original brief due date, Appellant filed a motion for leave to file its brief out of time, to which Appellant attached its opening brief. *See* Dkt. 59. This Court granted the motion and filed the brief. Dkt. 63. Under the current state of affairs, Dugaboy has not "failed to file a brief." *See* Dkt. 64-1. Dugaboy has filed a brief and it did so with this Court's express permission to file out of time. Dkt. 63.

Highland's motion to dismiss is not directed at the current state of the docket. To the extent Highland implies that dismissal is mandatory when an Appellant has moved to extend time and that motion was denied, such that a brief was not filed timely, Highland's argument is without support. The only case Highland cites to

2

support its mandatory-dismissal argument is an unpublished case in which a pro se plaintiff failed to file a brief entirely. Dkt. 58 at 4 n.4 (citing *Muhammed v. Lone Star College Sys.*, 460 Fed. Appx. 341 (5th Cir. 2012)). Highland has asked this Court to reconsider its order granting Dugaboy leave to file out of time, but that is the subject of a separate motion to which Dugaboy will respond in due course. *See* Dkt. 66. For purposes of this motion, it is uncontested that Dugaboy has "filed a brief" and Fifth Circuit Rule 42.3.2 does not apply.

Contrary to Highland's suggestion, this Court has long considered the remedy of dismissal for failure to file a brief as "not mandatory but permissive[.]" *Birmingham Fire Ins. Co. of Penn. v. Kight*, 195 F.2d 178, 179 (5th Cir. 1952); *see also id.* ("The provision of the invoked rule is not mandatory but permissive, and . . . the practice of this court under it, of we take judicial knowledge, has not been to enforce it with technical rigidity"). And this Court has stated that it "is not required to dismiss every appeal which does not meet the time limitations of Rule 31." *Marcaida v. Rascoe*, 569 F.2d 828, 830 (5th Cir. 1978). Failure to file a brief on time is "at most [a] non-jurisdictional defect[] in the prosecution of [an] appeal" that is insufficient to require dismissal. *Phillips v. Employers Mut. Liability Ins. Co. of Wis.*, 239 F.2d 79, 80 n.2 (5th Cir. 1956). This Court has the prerogative to overlook these non-jurisdictional defects and consider the merits of an appeal. *See, e.g., Olympic Ins. Co. v. H.D. Harrison, Inc.*, 413 F.2d 973, 974 (5th Cir. 1969).

This is in line with the Court's prerogatives to manage its docket as it sees fit. *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

## CONCLUSION

The Court should deny Highland's motion to dismiss the appeal.

Dated: June 8, 2026

By: */s/ Michael J. Edney*

Michael J. Edney
Morgan Lewis Bockius LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004
T: 202.739.3000
F: 202.739.3001
michael.edney@morganlewis.com

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, TX 78701
T: 512.686.3940
F: 512.686.3941
jonathan@mitchell.law

# CERTIFICATE OF WORD COMPLIANCE

Pursuant to the Court's Procedural Rule 32.3, I certify that this document has been prepared in 14-point font and contains 591 words as measured by the word-processing system used to prepare this motion.

*/s/ Michael J. Edney*
Michael J. Edney

## CERTIFICATE OF ELECTRONIC COMPLIANCE

Counsel certifies that on June 8, 2026, the foregoing document was transmitted to Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, via the court's CM/ECF document filing system, https://ecf.ca5.uscourts.gov.

Counsel further certifies that: (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned for viruses and has been found to be free of viruses.

*/s/ Michael J. Edney*
Michael J. Edney

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME REQUIREMENTS, TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS**

This motion complies with the type-volume requirements of Fed. R. App. P. 27(d)(2) because excluding the exempted portions, it contains 591 words.

This motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and Fed. R. App. P. 32(a)(6) because it uses size 14, proportionately spaced typeface (Times New Roman) throughout.

*/s/ Michael J. Edney*
Michael J. Edney

**CERTIFICATE OF SERVICE**

I certify that on June 8, 2026, this document was electronically filed with the clerk of the court for the U.S. Court of Appeals for the Fifth Circuit and served through CM/ECF upon all counsel of record in this case.

*/s/ Michael J. Edney*
Michael J. Edney