Case No. 26-10012

**IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT**

In the Matter of: Highland Capital Management, L.P.,
Debtor

*The Dugaboy Investment Trust,*
*Appellant,*
*v.*
*Highland Capital Management, L.P. and Highland Claimant Trust,*
*Appellees.*

**APPELLANT'S REPLY BRIEF**

Appeal from the United States District Court for the
Northern District of Texas, Dallas Division, the Honorable Jane J. Boyle
Case No. 3:25-cv-02579-B

Michael J. Edney
MORGAN LEWIS BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

Jonathan F. Mitchell
MITCHELL LAW PLLC
111 Congress Avenue, Suite 400
Austin, TX 78701
Telephone: (512) 686-3940
Facsimile: (512) 686-3941

**ATTORNEYS FOR APPELLANT**
**THE DUGABOY INVESTMENT TRUST**

# TABLE OF CONTENTS


INTRODUCTION ........................................................................................1

ARGUMENT ...............................................................................................3

I. The District Court Had Appellate Jurisdiction Over the Recusal Order ............................................................................................3

A. Orders Denying Recusal Implicate Courts' Continuous Duty to Evaluate Their Ability to Preside Over a Case ............3

B. Allowing Merger is Consistent with This Court's Cases and Principles of District Court Jurisdiction Over Bankruptcy Court Orders ..........................................................6

C. This Case Presents Compelling Reasons For Allowing Merger ...........................................................................11

II. Dugaboy Did Not Waive Its Right To Seek Recusal .........................14

CONCLUSION ..........................................................................................17

CERTIFICATE OF WORD COMPLIANCE ........................................................19

CERTIFICATE OF ELECTRONIC COMPLIANCE ..............................................20

CERTIFICATE OF COMPLIANCE ..................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armour v. Knowles*,
512 F.3d 147 (5th Cir. 2007) ....................9

*Brumfield v. Louisiana State Bd. of Educ.*,
806 F.3d 289 (5th Cir. 2015) ....................13

*Diece-Lisa Industries, Inc. v. Disney Enterprises, Inc.*,
943 F.3d 239 (5th Cir. 2019) ....................10

*Dondero v. Jernigan*,
No. 24-10287, 2025 WL 1122466 (5th Cir. Apr. 16, 2025).........2, 11, 15, 16, 17

*Matter of Elebute*,
127 F.4th 958 (5th Cir. 2025) ....................9

*Health Servs. Acquisition Corp. v. Liljeberg*,
796 F.2d 796 (5th Cir. 1986) *aff'd* 486 U.S. 847 (1988)....................4

*In re Highland Capital Mgmt., L.P.*,
Case No. 3:19-34054-sgj, Dkt. 4311 (N.D. Tex. Jul. 14, 2025)....................9

*In re Kizzee–Jordan*,
626 F.3d 239 (5th Cir. 2010) ....................6, 7

*Liljeberg v. Health Servs. Acquisition Corp.*,
486 U.S. 847 (1988)....................4

*Litovich v. Bank of Am. Corp.*,
106 F.4th 218 (2d Cir. 2024) ....................4

*McCuin v. Tex. Power & Light Co.*,
714 F.2d 1255 (5th Cir. 1983) ....................4

*Meadaa v. K.A.P. Enterprises, L.L.C.*,
756 F.3d 875 (5th Cir. 2014) ....................7

*Mitchell Law Firm, L.P. v. Bessie Jeanne Worthy Revocable Trust*,
8 F.4th 417 (5th Cir. 2021) ....................13

*Osborne v. Belton*,
131 F.4th 262 (5th Cir. 2025) ........................................8

*Potashnick v. Port City Constr. Co.*,
609 F.2d 1101 (5th Cir. 1980) ........................................4, 11

*Ruhrgas AG v. Marathon Oil Co.*,
526 U.S. 574 (1999)........................................5

*Tramonte v. Chrysler Corp.*,
136 F.3d 1025 (5th Cir. 1998) ........................................4, 13

*Travelers Ins. Co. v. Liljeberg Enters., Inc.*,
38 F.3d 1404 (5th Cir. 1994) ........................................15

*United States v. York*,
888 F.2d 1050 (5th Cir. 1989) ........................................14, 15, 16, 17

**Statutes**

28 U.S.C. § 455 ........................................2, 4, 5, 6, 14, 16

**Other Authorities**

Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3937 (3d ed.) ................................7

Fed. R. Bankr. P. 8003 ........................................7

## INTRODUCTION

This appeal presents a narrow question: Whether the district court erred in holding that it lacked appellate jurisdiction to review the bankruptcy court's denial of Dugaboy's recusal motion. The answer is yes. As Dugaboy explained in its opening brief, the district court should have held that the bankruptcy court's order denying recusal merged into two prior final bankruptcy court orders that Dugaboy had appealed, giving the Court appellate jurisdiction to review the recusal order. While the merger rule typically allows only a bankruptcy court's prior non-final orders to merge into a subsequent final order, the Court should recognize an exception in these particular circumstances and allow an interlocutory order concerning recusal to merge into a bankruptcy court's previously issued final orders. The proposed exception is warranted because recusal orders differ from other non-final orders issued by bankruptcy courts. Recusal motions, unlike other interlocutory matters, implicate the fundamental question of who decides the case, and judges themselves have an ongoing and continual obligation to police themselves for even the potential appearance of disqualifying partiality. Here, the circumstances warranting recusal existed before the bankruptcy court issued a final appealable order, and the bankruptcy court entered that final order shortly before the recusal order that Dugaboy seeks to appeal. In these unique circumstances, the

recusal order should merge into that previous final order, and the district court should have appellate jurisdiction to review both orders.

Highland spends much of its brief arguing the merits, insisting that Dugaboy somehow waived its right to seek recusal. That has nothing to do with the jurisdictional question, which is the only issue that Dugaboy is asking this Court to resolve. In all events, Highland is wrong. Dugaboy never presented a waiver for the bankruptcy court to "accept," 28 U.S.C. § 455(e), nor did Dugaboy delay in seeking recusal. Dugaboy first raised the recusal issue in 2021, then, again in 2023 (well before the 2025 recusal motion that Dugaboy seeks to appeal), and again when Chief Judge Jernigan failed to recuse *sua sponte* after this Court recognized a "strong argument" in favor of recusal. *See Dondero v. Jernigan*, No. 24-10287, 2025 WL 1122466, at *7 (5th Cir. Apr. 16, 2025).

In the end, Highland never refutes Dugaboy's claim that extending a district court's appellate jurisdiction to appeals from bankruptcy court recusal orders in these circumstances serves the fundamental, self-executing, and continuous duty of judges to monitor grounds for disqualification. The authorities that Highland cites concern different issues and none of them involve a district court's bankruptcy jurisdiction. The Court should reverse.

## ARGUMENT

### I. The District Court Had Appellate Jurisdiction Over the Recusal Order

The merger rule typically gives district courts appellate jurisdiction to review a bankruptcy court's interlocutory orders that precede and merge into a final (and appealable) decision or order. But the merger rule should also allow interlocutory rulings on recusal motions to merge into *prior* final decisions issued by bankruptcy courts. This is because recusal motions implicate a court's continuous and self-executing duty to ensure there are no bases for disqualification. Like subject-matter jurisdiction, a judge's recusal obligations affect every aspect of a case (including recent and related final orders). And the bankruptcy court rules and the precedents of this Court establish that the merger rule can be extended to a subsequently issued recusal order, such as the one at issue.

Highland does not address these arguments. It ignores the unique nature of recusal motions and cites inapposite cases that fall short of foreclosing appellate jurisdiction here.

#### A. Orders Denying Recusal Implicate Courts' Continuous Duty to Evaluate Their Ability to Preside Over a Case

Denials of recusal motions are far from the garden-variety interlocutory orders that do not (and should not) merge with a prior final judgment. The importance of preserving impartiality and mandating disqualification when there is even an appearance of partiality is vital to maintaining the integrity of the judicial system

and the parties' and the public's confidence in it. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). This bedrock principle of impartiality is reflected in 28 U.S.C. § 455(a)'s disqualification rule, which imposes (1) a "mandatory and self-executing" duty on judges to remove themselves "where there is an appearance of partiality," *Health Servs. Acquisition Corp. v. Liljeberg*, 796 F.2d 796, 802 (5th Cir. 1986) *aff'd* 486 U.S. 847 (1988); *see also McCuin v. Tex. Power & Light Co.*, 714 F.2d 1255, 1259 (5th Cir. 1983) ("Congress' purpose [with 28 U.S.C. § 455] was to adopt a categorical rule that would be self-enforcing" by judges themselves when disqualifying circumstances arise, even in the absence of a motion to recuse.), that (2) applies throughout the entirety of a case. *Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1031 (5th Cir. 1998).

At any point during the pendency of a case, if a judge has "*any* question about the propriety of his sitting in a particular case," the judge must lean in favor of disqualification. *Potashnick v. Port City Constr. Co.,* 609 F.2d 1101, 1111–12 (5th Cir. 1980) (emphasis added). These include, for example, questions concerning the financial interest of the judge or the judge's family members in a party to the suit. *See Litovich v. Bank of Am. Corp.*, 106 F.4th 218 (2d Cir. 2024). A judge who fails to recuse when disqualifying circumstances present themselves lacks authority to enter subsequent orders. *Tramonte*, 136 F.3d at 1028.

Because disqualification issues implicate the judge's authority to preside over the case, they are similar to subject-matter jurisdiction. Both are required to be raised by the court *sua sponte*, regardless of party presentation, and both issues remain continuously present throughout a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). These rules have been established because disqualification and subject-matter jurisdiction concern not *what* the decision will be, but *who* is empowered to decide—issues that concern the legitimacy of the proceedings themselves.

When viewed in light of these principles and the similarity between judicial disqualification issues and subject-matter jurisdiction, a recusal motion serves merely as a reminder to a judge to do something that the judge is already obligated to do. That is what distinguishes decisions on recusal motions from other interlocutory orders. And when a recusal motion raises issues that, like subject-matter jurisdiction, are omnipresent before the issuance of a final and appealable order, the recusal motion should "merge backward" into the prior final order, similarly to the way that subject-matter jurisdiction can (and must) be considered on appeal even if the order appealed from failed to raise or consider jurisdictional arguments.

Highland never engages with these issues and simply asserts that a recusal order "isn't so different after all" because 28 U.S.C. § 455(e) allows bases for

disqualification under 28 U.S.C. § 455(a) to be waived in certain circumstances. Highland Br. at 19. But the availability of waiver in particular circumstances in no way changes the fact that disqualification rules are self-executing and apply throughout the proceedings, including under 28 U.S.C. § 455(a), which explicitly states that a judge "shall *disqualify himself* in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455 (emphasis added). And principles of waiver certainly cannot be implicated where a party sought recusal on the grounds at issue and went so far as to seek mandamus relief when the judge declined to do so. The judge's failure to evaluate the feedback from this Court received through the mandamus process on her own, before entering further final orders, was error.

### B. Allowing Merger is Consistent with This Court's Cases and Principles of District Court Jurisdiction Over Bankruptcy Court Orders

In light of the continuous and self-executing nature of a judge's duty to recuse and the unique circumstances of this case, this Court should recognize a limited exception to the merger principle that allows an order declining recusal entered after recent final orders to merge with a prior final order. The flexibility of district court appellate jurisdiction both over what constitutes a "final order" and the scope of a bankruptcy appeal supports this exception. *See In re Kizzee–Jordan*, 626 F.3d 239, 242 (5th Cir. 2010) (stating that the Court's "approach to determining whether an

order is . . . appealable in a bankruptcy case is flexible" and it views "finality in bankruptcy proceedings . . . in a practical, less technical light");[1] Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3937 (3d ed.) ("[T]he flexibility shown in meeting the needs of bankruptcy administration virtually invites adoption of an equally flexible approach to the scope of the appeal."). Likewise, the Advisory Committee for the Bankruptcy Rules recognizes that the merger rule "is subject to some exceptions and complications" and so has "not attempt[ed] to codify the merger principle but instead leaves its details to case law." Advisory Committee Notes to the 2023 Amendments to Fed. R. Bankr. P. 8003. This is just such a case for defining a particular contour of the rule.

Indeed, despite claiming that the special exception Dugaboy advocates is "unprecedented," Highland admits that *Meadaa v. K.A.P. Enterprises, L.L.C.*, 756 F.3d 875, 879–80 (5th Cir. 2014), "involved an unsuccessful Rule 59 motion that merged into the *prior* final judgment," Highland Br. at 18–19—in other words, an example of "reverse merger." And, contrary to Highland's contention, a denial of a recusal is "just as much an integral part of," Highland Br. at 19, the recent and related final judgment as the denial of the Rule 59 motion was in *Meadaa*. *Id.* at 880 (maintaining jurisdiction over March 2012 order despite it coming after December

[1] Highland states that "*Kizzee-Jordan* does not address or even mention merger," Highland Br. at 21, but the case indisputably recognizes the flexibility of appellate jurisdiction over bankruptcy-court orders.

2011 order). As discussed above, a recusal motion describes a duty that remains present before, during, and after the time of decision of a prior final order. Because of this, even when a recusal motion postdates a final order, its denial is just as much "[a]n order affirming a prior judgment" as a Rule 59 motion when the basis for disqualification existed at the time of the prior judgment. Highland Br. at 19–20.

Highland also claims that "this Court has already repeatedly rejected any notion of 'reverse merger,' including quite recently," citing several purportedly supporting cases. Highland Br. at 21. This is not accurate. None of the cases Highland cites involve bankruptcy appeals, much less hold that recusal decisions cannot be merged back into prior final bankruptcy orders.

Highland's lead case, *Osborne v. Belton*, 131 F.4th 262, 267–68 (5th Cir. 2025), did not reject reverse merger in the context of a bankruptcy appeal of a recusal order. Highland Br. at 21. The court simply applied "the *general* merger rule," which "looks backward from the final judgment, encompassing all interlocutory orders," as supporting its holding that "if a party designates a post-judgment order in his notice of appeal, any orders disposing of post-judgment motions between the time of the underlying judgment and the specific post-judgment order designated in the notice of appeal should be construed as being included in the notice of appeal." *Id*. Dugaboy agrees that the merger rule generally works backward but, as expressly stated in its opening brief and now again in this reply, Dugaboy seeks recognition of

a limited exception that is entirely consistent with core principles regarding disqualification and the flexibility of bankruptcy appellate jurisdiction. Opening Br. at 27.

Highland's reliance on *Armour v. Knowles*, 512 F.3d 147, 156 (5th Cir. 2007), is similarly misplaced, as that case did not involve the merger rule at all. Rather, the Court held that a post-judgment order could not "be considered by this court unless the judgment or order disposing of it is properly noticed for appeal." *Id*. Here, there is no dispute that Dugaboy filed a notice of appeal both from the prior settlement order and from the recusal decision. *See* ROA 571–574; *In re Highland Capital Mgmt., L.P.*, Case No. 3:19-34054-sgj, Dkt. 4311 (N.D. Tex. Jul. 14, 2025) ("Bankr. Dkt. 4311").[2]

*Matter of Elebute*, 127 F.4th 958, 959–60 (5th Cir. 2025), is also inapposite because the Court in that case never considered reverse merger. Instead, the Court held that it lacked jurisdiction to consider a prior interlocutory order, noting that "in the context of dismissal for failure to prosecute, courts prudently decline to review adverse interlocutory rulings because the matter under review is the dismissal itself." *Id*. That particular exception to the merger rule has no bearing in this case because

[2] As in the Opening Brief, citations to the docket in the main bankruptcy case *In re Highland Capital Mgmt., L.P.*, Case No. 3:19-34054-sgj, not included in the Record on Appeal will be denominated "Bankr. Dkt."

the final orders at issue are not dismissals for lack of prosecution. Highland Br. at 22.

Finally, *Diece-Lisa Industries, Inc. v. Disney Enterprises, Inc.*, 943 F.3d 239 (5th Cir. 2019), cuts against Highland. There, the Court held that two rulings would be "regarded as merged" with the final judgment in one case that previously had been consolidated with others. *Id*. at 248. This was so even though the orders had been entered when the proceeding was consolidated and not all of the other previously consolidated cases had reached final judgment. *Id*. *Diece-Lisa* demonstrates that the Court does not apply the merger rule rigidly even in the context of ordinary civil litigation and will allow merger when necessary to preserve appellants' rights.

In short, Highland presents no basis for rejecting the limited exception to the merger rule that Dugaboy seeks here. As Dugaboy described in its opening brief, allowing an order denying recusal to merge with previously appealed final bankruptcy court orders is simply a recognition that recusal issues, like subject-matter jurisdiction, remain present throughout the entirety of a case and impose a self-executing duty on judges, independent of party presentation. Opening Br. at 23–24. These are not "generic platitudes," Highland Br. at 18, but rather foundational principles that Highland ignores.

### C. This Case Presents Compelling Reasons For Allowing Merger

Allowing the bankruptcy court's declination of the August 2025 recusal motion to merge into the June and July 2025 final orders is especially appropriate and furthers those principles. Chief Judge Jernigan wrote and published two novels while overseeing the bankruptcies of two entities owned by and closely affiliated with Mr. Dondero. And the second of those novels featured a villainous hedge-fund manager patterned off Mr. Dondero with similar characteristics and biographical information. Op. Br. at 11–12. Were that not enough, both novels were riddled with statements disparaging the hedge-fund industry and hedge-fund managers, calling them "sociopaths" and likening them to bloodthirsty predators. *Id.* "[T]o the average person on the street," this behavior raises serious questions about whether Chief Judge Jernigan maintained the appearance of impartiality. *See Potashnick*, 609 F.2d at 1111. But when the novels were raised in recusal efforts before Chief Judge Jernigan in 2023, she dismissed them out of hand. *See Dondero*, 2025 WL 1122466 at *3.

On appeal, this Court recognized that "a strong argument could be made that" the bankruptcy judge "had a duty to recuse" due to the novel writing but declined to compel recusal on mandamus. *Dondero*, 2025 WL 1122466 at *7. That should have triggered a *sua sponte* re-evaluation. Instead, Chief Judge Jernigan issued the June and July final decisions on the 9019 Settlement without reconsidering recusal. When

no recusal occurred, Dugaboy moved for recusal again. Bankr. Dkt. 4297; 4334. But Chief Judge Jernigan refused to re-evaluate and pronounced that she had already decided the issue. ROA 170-173.

As this series of events shows, the denial of that recusal motion is directly linked to, and therefore should merge backward in time into, the June and July 2025 settlement approval and stay orders. Moreover, Highland is wrong to characterize Dugaboy's attempted appeal as "preposterous." Highland Br. at 6. First, the Judicial Council for the Fifth Circuit's December 29, 2025 dispositions of judicial conduct complaints resulting in corrective action confirm that the novels present a serious concern. Only three of the more than 400 Fifth Circuit judicial conduct complaints resolved in the previous seven years were addressed through corrective action, rather than dismissal with no adjustments to a judge's course. *See* Opening Br., Ex. A, *In re Complaint of Judicial Misconduct Under the Judicial Improvements Act of 2002*, No. 05-26-90042 (Dec. 29, 2025), at 7. To be sure, the Judicial Council stated the disposition should not be "interpreted as an opinion or reflection on the merits of the judge's prior decision not to recuse[,]" Highland Br. at 8, but it is not the role of the Judicial Council to comment on the propriety of previous orders. Opening Br., Ex. A, at 6 n.3. It is this Court's job to do so, following the appellate process to review the validity of orders challenged below, which should be allowed to occur in this case.

Additionally, contrary to Highland's contentions, if the District Court were to agree with Dugaboy's appeal on the merits, vacatur of those decisions would be appropriate. Highland Br. at 26. Because Chief Judge Jernigan lacked authority to issue orders after the circumstances justifying recusal were presented to her, *see Tramonte*, 136 F.3d at 1028, those orders are void, just as orders issued outside a court's subject-matter jurisdiction become "void" or "legal nullities." *Brumfield v. Louisiana State Bd. of Educ.*, 806 F.3d 289, 296 (5th Cir. 2015). When judgments are rendered void for lack of authority, "[i]t is axiomatic that 'power is inherent in every court . . . to undo what it had no authority to do originally.'" *Mitchell Law Firm, L.P. v. Bessie Jeanne Worthy Revocable Trust*, 8 F.4th 417, 423 (5th Cir. 2021) (quoting *Nw. Fuel Co. v. Brock*, 139 U.S. 216, 219 (1891)). This inherent power includes vacatur of prior orders and even direct restitution of property and rights lost by erroneous judgments. *Id.*

So if the Court were to hold that the district court had jurisdiction to review the recusal motion and the district court agreed with Dugaboy on the merits, vacatur would be warranted. But the scope of the possible remedy for Chief Judge Jernigan's failure to recuse should have no bearing on the district court's jurisdiction to review the order.

## II. Dugaboy Did Not Waive Its Right To Seek Recusal

As discussed above, Highland ignores Dugaboy's arguments about the self-executing and continuous judicial duty to monitor reasons for disqualification. Instead, Highland alleges that Dugaboy "waived" the recusal issue and that the Court must reject appellate jurisdiction to prevent an "end-run" around waiver rules. Highland Br. at 15.

As an initial matter, the issue of waiver goes to the merits of the recusal issue rather than the district court's jurisdiction to review the order denying recusal. But there was no waiver in any event. At the same time it asserts waiver, Highland complains about Dugaboy and Mr. Dondero's "recusal campaign" that has been seeking recusal over Chief Judge Jernigan's novels since 2023. Highland Br. at 3, 6. Highland cannot have it both ways, and Dugaboy cannot "waive" a recusal issue that it raised three years ago, especially when it has sought to appeal recusal orders it found erroneous. Highland Br. at 12.

Under 28 U.S.C. § 455(e), "where the ground for disqualification arises only under subsection (a), waiver *may be accepted* provided it is preceded by a full disclosure on the record of the basis for disqualification." 28 U.S.C. § 455(e) (emphasis added). For there to be an "acceptance," however, there must be an offer. At no point did Dugaboy offer to waive Chief Judge Jernigan's disqualifying circumstances. As this Court stated in *United States v. York*, 888 F.2d 1050 (5th Cir.

1989), waiver requires "the judge and the parties . . . agreeing among themselves" to "relinquish their right to have the judge recuse himself," and Dugaboy never once agreed to give up its arguments for recusal. *Id.* at 1055. Instead, Dugaboy has consistently maintained that Chief Judge Jernigan should not have written books about litigants before her and profited therefrom, and that recusal was mandatory, before the bankruptcy court, the district court, this Court, and even the Supreme Court. *See, e.g.,* Bankr. Dkts. 3673, 4372; *The Dugaboy Investment Trust v. Highland Capital Mgmt., L.P.*, Case No. 3:25-cv-2579-B (N.D. Tex. Oct. 10, 2025), Dkt. 17; *Dondero v. Jernigan*, No. 24-10287 (5th Cir.), Dkts. 37, 46, 96, 119; *Dondero v. Jernigan*, No. 25-355 (U.S.).

Highland faults Dugaboy for not raising recusal in briefing or argument about the 9019 Settlement Approval. Highland Br. at 22. Highland apparently believes that, to preserve a recusal objection, a party must raise it in every brief or argument in response to judicial action. Not so. The party need only seek recusal "at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994). And Highland cannot show that Dugaboy failed to raise the novels as disqualifying circumstances at the earliest moment after learning about them. In March 2023, Dugaboy supplemented its third motion to recuse, based on an alleged appearance of partiality in Chief Judge Jernigan's statements and rulings, including

her novel writing. Supplemental Memorandum of Law in Support of Renewed Motion to Recuse Pursuant to 28 U.S.C. § 455, Bankr. Dkt. 3673. Dugaboy moved with haste, supplementing its already pending motion rather than waiting for a decision and filing another motion with these new allegations. If this type of haste is untimely, it is difficult to imagine what Highland believes is sufficient.

And indeed, underscoring the criticality of having a judge in place whose impartiality could not be reasonably questioned, Dugaboy and its sole beneficiary, James Dondero, sought mandamus intervention by the appellate courts to effect an immediate recusal, lest orders tainted by a perception of partiality continue to be issued. *See Dondero*, 2025 WL 1122466. This mandamus effort did not hit the circular file in this Court. Instead, this Court signaled that there was "a strong argument" that Judge Jernigan had a duty to recuse, even if not so indisputable that mandamus intervention was warranted. *Id.* at *7. That was a not-so-subtle signal for the bankruptcy judge to reevaluate her position and that appellate brief was a serious prospect when review of a final order, not on a mandamus posture, came to this Court. When Judge Jernigan continued to decline recusal even thereafter, this Court's Judicial Council arranged for at least prospective relief through corrective action, leading to her forward-looking recusal. See Opening Br., Ex. A, at 7.

*York* is not on point. *See* Highland Br. at 17–18. In *York*, the litigant seeking recusal did so for the first time on appeal to this Court. 888 F.2d at 1055. The

litigant knew about the disqualifying circumstances, awaited a full trial on the merits, failed to raise the issue in even a post-trial brief, and waited until his opening appellate brief to spring the issue. *Id.* at 1052–53. Here, Dugaboy moved for recusal in 2021, raising Chief Judge Jernigan's novels in 2023.

*York* is doubly inapposite because the Court determined that the litigant engaged in gamesmanship. *Id.* at 1055–56. Dugaboy, by contrast, did not "[lie] in wait" for an adverse ruling in the Rule 9019 Settlement approval hearing to file its motion. Highland Br. at 18. Rather, Dugaboy had raised the issue previously and Chief Judge Jernigan ignored the disqualifying circumstances that eventually led to her recusal. Further, following this Court's opinion of April 16, 2025, which acknowledged that a "strong argument" existed for Chief Judge Jernigan to recuse, Dugaboy sought rehearing of the issue *en banc*. *Dondero*, No. 24-10287, Dkt. 149 (5th Cir. Apr. 30, 2025).

## CONCLUSION

The Court should reverse the dismissal of Dugaboy's appeal and remand with instructions for the district court to resolve the merits of Dugaboy's appeal of the recusal order or order its consolidation into the appeals regarding the June and July 2025 settlement approval and stay orders.

Dated: October 1, 2026

By: */s/ Michael J. Edney*

Michael J. Edney
Morgan Lewis Bockius LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004
T: 202.739.3000
F: 202.739.3001
michael.edney@morganlewis.com

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, TX 78701
T: 512.686.3940
F: 512.686.3941
jonathan@mitchell.law

## CERTIFICATE OF WORD COMPLIANCE

Pursuant to the Court's Procedural Rule 32.3, I certify that this document has been prepared in 14-point font and contains 4,012 words as measured by the word-processing system used to prepare this motion.

*/s/ Michael J. Edney*
Michael J. Edney

## CERTIFICATE OF ELECTRONIC COMPLIANCE

Counsel certifies that on October 1, 2026, the foregoing document was transmitted to Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, via the court's CM/ECF document filing system, https://ecf.ca5.uscourts.gov.

Counsel further certifies that: (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned for viruses and has been found to be free of viruses.

*/s/ Michael J. Edney*
Michael J. Edney

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME REQUIREMENTS, TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS**

This brief complies with the type-volume requirements of Fed. R. App. P. 27(d)(2) because excluding the exempted portions, it contains 4,012 words.

This brief complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and Fed. R. App. P. 32(a)(6) because it uses size 14, proportionately spaced typeface (Times New Roman) throughout.

*/s/ Michael J. Edney*
Michael J. Edney

## CERTIFICATE OF SERVICE

I certify that on October 1, 2026, this document was electronically filed with the clerk of the court for the U.S. Court of Appeals for the Fifth Circuit and served through CM/ECF upon all counsel of record in this case.

*/s/ Michael J. Edney*
Michael J. Edney